SARAH M. BROWN, by next friend, plaintiff in error, *vs.* ELIZABETH KIMBROUGH, administratrix, *et al.*, defendants in error.

1. A married woman in this state, who has a separate estate in land, may dispose of the same by the ordinary deed of conveyance.
2. The act of 1760 only applies to such conveyances of real estate by the husband of the *feme covert* as she may have an interest in, and not to conveyances of her separate property of which she is the sole owner.

Husband and wife. Deeds. Separate estate. Before Judge JAMES JOHNSON. Talbot Superior Court. March Term, 1875.

Reported in the decision.

BLANDFORD & GARRARD; H. L. BENNING; McCAY & TRIPPE, for plaintiff in error.

WILLIS & WILLIS; E. H. WORRILL, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, praying for a decree that certain described lands therein specified, might be turned over to her, and that the defendant account to her for the rents and profits thereof. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the defendant. The case is brought here on a bill of exceptions to the rulings of the court below. The complainant claims title to the land in controversy under a deed made by William M. Brown, administrator of Shelton, to Jack Brown, trustee for complainant, Jack Brown being her husband. This deed is dated 2d November, 1858. It appears from the evidence in the record, that the complainant and her husband, Jack Brown, conveyed the land by deed, on the 7th of May, 1861, to Kimbrough, the defendant, for the consideration of $18,000 00. The court charged the jury, amongst other things, "If Jack Brown and his wife made and executed the deed in evidence purporting to be made by them to Kimbrough, such deed conveyed to Kimbrough all the interest which they or either of them had in the lands, and if such is the case, Kimbrough is not liable to account to the complainant." The complainant's counsel requested the court in writing to charge the jury that "A married woman cannot, by the ordinary deed of conveyance, dispose of her separate property, if the sale be real estate;. and if Mrs. Brown, being a married woman, made the deed set out in defendant's answer, then Kimbrough got no title to the same, and no right by which he could hold the land in opposition to Mrs. Brown." This request to charge the court refused. Whereupon the complainant excepted to the charge as given to the jury, and to the refusal to charge as requested.

But two questions were insisted on in the argument here. First, as to the right of a married woman to convey her separate estate in land by the ordinary deed of conveyance. Second, if she can do so, then the deed must be executed as

provided by the second section of the act of 1760: Cobb's Digest, 161.

1. In our judgment, a married woman, in this state, who has a separate estate in land, may dispose of the same by the ordinary deed of conveyance. Such a disposition of her real estate is a necessary incident to her ownership of that species of property, as well as of any other property, the more especially as real and personal property, in this state, is placed on the same footing as to distribution. When the decisions referred to on the argument were made by this court, in relation to the power of a *feme covert* to dispose of her separate estate in personal property, there was one species of personal property at that time which was considered much more important and valuable to the owners thereof than real estate, and yet it was held that she could dispose of her separate estate in that particular species of personal property. In this state, we are unable to perceive any sound distinction in principle between her power of disposition of her separate estate in personal property and her separate estate in real property.

2. In regard to the second question insisted on by the plaintiff in error, the act of 1760 only applies to such conveyances of real estate by the *husband* of the *feme covert* as she has or may have an interest in, and not to conveyances of her separate property, of which she is the *sole owner*. If she joins her husband in a conveyance of *his* property, in which she has an interest as his wife by reason of that relation, then, in order to make her relinquishment of that right valid, it must be executed in accordance with the requirements of that act; and such was the ruling of this court in *Seabrook vs. Brady*, 47 *Georgia Reports*, 651. In that case, Mrs. Brady signed a relinquishment to land conveyed by the deed of her husband, as *his* property, to Dawson. The act of 1760 has no application to a conveyance made by a *feme covert* of her separate property as the absolute owner thereof, and was not intended to have any. We find no error in the rulings of the court as set forth in the bill of exceptions.

Let the judgment of the court below be affirmed.