## Amos *et ux. vs.* Cosby.

| 74 | 793 |
|----|-----|
| 85 | 272 |
| 85 | 821 |
| 74 | 793 |
| 93 | 26 |

1. When a vendee under a warranty deed has fairly and reasonably paid a sum of money to remove an incumbrance which was outstanding, and was a legal and valid lien on the land at the time of his purchase, he may recover the amount thus paid from his vendors.
2. Where a homestead was set apart to a man as the head of a family, consisting of his wife and minor children, and the husband and the wife jointly conveyed it by warranty deed, in a subsequent suit on the warranty, the wife was not relieved from liability on the ground that she was a married woman.
3. The verdict should have been for $345.35, and a new trial is refused on condition that the excess above that amount shall be written off.

February 24, 1885.

Title. Warranty. Actions. Husband and Wife. Homestead. Practice in Supreme Court. Before Jos. F. Pou, Esq , Judge *pro hac vice.* Taylor Superior Court. April Term, 1884.

Reported in the decision.

R. M. WILLIS; MARTIN & WORRILL; O. M. COLBERT; W. A. LITTLE, for plaintiffs in error.

W. S. WALLACE; J. M. MATHEWS, for defendant.

BLANDFORD, Justice.

Cosby purchased from Amos and wife a certain lot of land in Geneva, and paid therefor six hundred dollars, and the same was conveyed by Amos and wife to Cosby by proper warranty deed of conveyance. This land, at the time of the sale, had been set apart to Amos, as head of a family, consisting of his wife and certain minor children. At the time the deed of conveyance was executed, there were several judgments against Amos older than the constitution of 1868, and among them one in favor of Zachariah Proctor, which had been levied on the property conveyed. Cosby sold this land to one Peter Cosby and one Turner, and gave them warranty deed of conveyance to the same. The land having been levied on by the Proctor *fi. fa.* and advertised for sale, Cosby procured Ligon to purchase the *fi. fa.* from Proctor and sell the land, which was purchased by Ligon. Cosby paid Ligon, 1st August, 1878, two hundred and eighty-seven dollars and fifty cents, the same being the amount of the purchase money of said *fi. fa.*, and the costs and expenses attending the sale of the land and caused deeds to be made to Peter Cosby and Ansell Turner, and thus the land was protected from the liens of the judgments in favor of Proctor and other parties. Cosby then brought his action against Amos and wife for damages for the breaches of the covenants of warranty in their deed to Cosby, and the jury found for the plaintiff $439.95. The defendants moved the court for a new trial, which was refused, and error is assigned thereon.

It appears to be well-settled law that where a vendee

has fairly and reasonably paid a sum of money to remove an incumbrance which was outstanding, and was a legal and valid lien on land at the time of his purchase from the vendor, that he may recover the amount thus paid from his vendors. Rawle on Covenants, 293, and numerous authorities cited by this author, fully sustain the proposition asserted.

In this case it appears that H. H. Cosby did expend and pay out a sum of money to protect the land which he had purchased from Amos and wife from certain outstanding liens and incumbrances. The payment of this money was necessary and proper, and the land was freed from the liens of the judgments by Cosby; having paid the money, he is entitled to recover the same from his warrantors. Nor is Mrs. Amos relieved by reason of her being a married woman. She had the right to make the deed with her husband. There having been a homestead set apart to her husband, under the act of 1868, she was a usee, and was not the surety of her husband, and is equally bound with him.

There are no material errors committed by the court below, but we find that the jury found too much against the plaintiff in error; that the true amount should have been $345.35; if the judgment shall be written down to this amount, let the judgment be affirmed; otherwise let a new trial be granted.

Judgment affirmed.