HAINES *et ux. v.* FORT.

1. Section 2706(a) of the code, as qualified by the constitution and statutes of this State with reference to the separate estates of married women, has no application to a sale by a married woman of land to which she herself has title in whole or in part. This section applies only in cases of sales by the husband of land belonging to him in which the wife has an interest because of the marriage relation; as, for instance, the right of dower in land to which the husband derived title by virtue of the marriage.
2. Where a married woman joins her husband in a conveyance of realty, the presumption, in the absence of proof to the contrary, is that she had, or claimed, title to the realty in whole or in part.

3. Upon the trial of an action for breach of warranty of land, eviction of the plaintiff under paramount title is not sustained by mere proof that he was sued in ejectment, that a verdict and judgment were rendered against him, and that he surrendered possession in obedience to the judgment, there being no evidence that his warrantor had any notice of the ejectment suit, or any opportunity to defend it, and none as to the title under which the plaintiff was ejected, or the time when that title originated.

November 20, 1893.

Action for damages.  Before Judge GAMBLE.  Johnson superior court.  March term, 1893.

HARRIS & RAWLINGS, W. R. DALEY and J. M. STUBBS, for plaintiffs in error.

A. F. DALEY and EVANS & EVANS, *contra.*

LUMPKIN, Justice.

Fort brought an action against Haines and wife to recover damages for a breach of warranty in the sale of land, by reason of his eviction under an alleged paramount title.  There was a verdict for the plaintiff, and the defendants' motion for a new trial being overruled, they excepted.  The first and second grounds of the motion, which complained that the verdict was contrary to law and the evidence, will be dealt with in the last division of this opinion.

1. The third ground of the motion alleges as error the admission in evidence of the deed from Haines and wife to the plaintiff, for the breach of the covenant of warranty in which the action was brought.  The objection to the deed was, that it was void as to Mrs. Haines, she not having executed it in accordance with the requirements of section 2706(a) of the code, which reads as follows: "Where a *feme covert* has, or may have, any right in part or the whole of any lands and tenements to be conveyed, and the said *feme covert* willingly consents to part with her right by becoming a party with her husband in the sale of such lands and tenements, in such cases as these the said *feme covert* shall become a

party with her husband in the deed or conveyance, and sign and seal the same, before an officer authorized to attest deeds, declaring before said officer that she has joined with her husband in the alienation of said lands and tenements of her own free will and consent, without any compulsion or force used by her said husband to oblige her to do so ; which declaration shall be made in the following words, or words to the like effect, viz : 'I, A. B., the wife of C. D., do declare that I have freely, and without any compulsion, signed, sealed and delivered the above instrument of writing, passed between D. E. and C. D., and I do hereby renounce all title or claim of dower that I might claim or be entitled to after the death of C. D., my said husband, to or out of the lands or tenements therein conveyed. In witness whereof, I have hereunto set my hand and seal.' And the said officer shall indorse upon the deed the acknowledgment of the said *feme covert* made before him, and sign the same." It has already been settled by this court that since the time when, under the constitution and statutes of this State, the property of married women became vested in them as their separate estates, the act of 1760 (embodied in the above quoted section) has no application to a sale by a married woman of land belonging to her in her own right. See *Brown* v. *Kimbrough et al.*, 55 *Ga.* 41, holding that the act in question applies only to such conveyances of real estate by the husband of the *feme covert* as she may have an interest in, and not to conveyances of her separate property of which she is the owner. The same principle is ruled in *Wynn, Sims & Co.* v. *Ficklen*, 54 *Ga.* 529. Almost the identical question made in the case at bar was decided by this court in *Amos & Wife* v. *Cosby*, 74 *Ga.* 793, in which it was held that : "Where a homestead was set apart to a man as the head of a family consisting of his wife and minor children, and the husband and the wife jointly conveyed

it by warranty deed, in a subsequent suit on the warranty the wife was not relieved from liability on the ground that she was a married woman." On page 795, Justice BLANDFORD says: "Nor is Mrs. Amos relieved by reason of her being a married woman. She had the right to make the deed with her husband. There having been a homestead set apart to her husband, under the act of 1868, she was a usee, and was not the surety of her husband, and is equally bound with him." It is not necessary to cite the numerous decisions of this court establishing the general rule that, as to her separate estate, a married woman is to be treated as a *feme sole.* Nor is it necessary to note here the exceptions to this rule. The act of 1760 is applicable only in cases of sales by the husband of his own lands, in which the wife has an interest because of the marriage relation, but in which she has no title. An example of this kind is presented by the case of *Seabrook et al.* v. *Brady,* 47 *Ga.* 650, cited in *Brown* v. *Kimbrough, supra,* on page 43.

It does not, in the present case, appear from the deed of Haines and wife to Fort, or otherwise, that Mrs. Haines had, or claimed, title to the land therein described, as the sole owner of the same; but there seems to be no doubt whatever that she undertook to convey as owner of the property, either in whole or in part, and in principle, it is entirely immaterial which may be true. An interest by virtue of the marital relation in, land owned by the husband is quite a different thing from ownership on the part of the wife, either total or partial. What we mean to hold is, that when the wife sells and conveys as owner, whether the property belongs to her alone or to her jointly with another person, the act of 1760 does not apply.

2. The fact that Mrs. Haines joined her husband in the conveyance of the land to Fort, certainly raises the presumption that she had, or at least claimed to

have, title to the land, in whole or in part; and in the absence of any proof or explanation to the contrary, this presumption must be accepted as the actual truth of the matter. This proposition is too obvious to require elaboration.

3. Up to this point, we have found nothing which would require the granting of a new trial; but in our opinion, the plaintiff's case broke down upon its actual merits. After showing a conveyance to himself by the defendants, he merely proved that 'an action of eject-ment was brought against him by another claiming the land; that in this action a verdict and judgment were rendered adversely to him, and that he surrendered pos-session of the property in obedience to this judgment. He utterly failed to show that his warrantors had any notice of this ejectment suit, or any opportunity to de-fend it. There was no positive proof that he was evicted under a title paramount to that he received from Haines and his wife; and in the absence of notice to them of the ejectment suit, there was no presumption to this effect against them. On the contrary, the burden was upon Fort to show affirmatively that the title under which he was evicted was paramount. The rule is thus stated in Martindale on Conveyancing, §170 : "But if the grantee purchases an outstanding title, or yields to an adverse claimant without standing suit or being sued (unless, in case of a suit, he give notice to his grantor of the suit, so that he may defend it), the burden of proof is upon such grantee to show that the adverse title was good, and that the possession was surrendered only after claim or demand thereof." See, also, the cases there cited. *Gragg* v. *Richardson*, 25 *Ga.* 566, though not precisely similar to the case before us as to the facts, sustains the principle here announced; and the identical question is ruled in *Clements* v. *Collins*, 59 *Ga.* 124. There is absolutely no proof in the record as

to the nature of the title under which Fort was evicted, or as to the time that title originated. For aught that appears to the contrary, he may himself, after purchasing the land from Haines and wife, have conveyed it to another, and have been evicted upon suit by the latter, based on his own conveyance. We do not, of course, mean to assert this to be the fact; but the supposition that such might be the case serves most aptly to illustrate the soundness of the rule we have here laid down. On the whole, the plaintiff failed to make out a case entitling him to recover. The verdict was accordingly contrary to law and the evidence, and should be set aside.

*Judgment reversed.*