26501. PONE *v.* BARBRE.

DECIDED MARCH 16, 1938. REHEARING DENIED MARCH 29, 1938.

*E. L. Smith,* for plaintiff in error.

*A. N. Durden, Rosser Malone,* contra.

STEPHENS, P. J. Mrs. R. M. Barbre sued Rebecca Powell Pone to recover for a breach of warranty of title to real estate described in a warranty deed from the defendant to the plaintiff as "lots Nos. 20 and 21 in block D in East Albany, Georgia, of the C. M. Shackelford addition to East Albany, Georgia, according to plat of said subdivision recorded in the office of the clerk of the superior court of Dougherty County, Georgia," being the property deeded to the defendant by Alex Davis. It was alleged in the petition that the consideration for the deed which was executed

April 9, 1935, was $10 and other "valuable consideration," and that when this deed was made to the plaintiff by the defendant there was a lien against it consisting of "a street-improvement fi. fa., issued by the City of Albany, Georgia, on November 28, 1928," and recorded in the general execution docket of the county April 10, 1931; that on June 20, 1936, this fi. fa. was levied by the city marshal on the described property; that the defendant was notified of the levy and refused to satisfy the same; and that in order to remove the encumbrance on the property to prevent the property from being sold under the levy the plaintiff paid the amount of the fi. fa. including interest and costs in the sum of $194.42; that the defendant "acknowledged that she knew this claim was against the property at the time the sale to the plaintiff was made, and that as a matter of fact the defendant on November 23, 1931, made a payment of $5 to the City of Albany to be applied as a credit on this execution; that the defendant in not paying this claim against the property has acted in bad faith, has been stubbornly litigious and has caused the plaintiff unnecessary trouble and expense;" that the plaintiff has incurred an expense of $50 as attorney's fees which were necessary "in an effort to protect the title" to the property conveyed to her by the defendant; that the defendant's refusal to satisfy this lien constituted a breach of the warranty as contained in the deed. There was attached to the plaintiff's petition, as an exhibit, a copy of the execution which it was alleged constituted a lien on the property. It was dated April 1, 1931, and was issued against the property as being that of Alex Davis, and contained a description of the property as follows: "Being all of what is shown on the plan or map or [of] said city as city lot number 20, 21, no. in block number D more particularly described as follows, to wit: beginning at a point on East Broad Street 73.0 feet west from the northwest intersections of City Limits and East Broad Streets, and measuring and abutting 151 feet on the north side of East Broad Street between City Limits Street and Hobson Street, and running back its full width 160 feet in a northerly direction." The plaintiff prayed judgment against the defendant in the sum of $244.42.

The defendant in her plea admits the sale of the property by her to the plaintiff, the execution of a warranty deed thereto, that she was notified of the levy of the execution, and that she refused

to pay it. The defendant in her plea denied liability on the ground that the execution did not constitute "a valid claim" against the property in that the property which was described in the execution as being lots numbered 20 and 21 in block D in East Albany, Georgia, of the C. M. Shackelford addition to East Albany, Georgia, according to the plat of said subdivision recorded in the office of the clerk of the superior court of Dougherty County, Georgia, was described as having a street frontage on East Broad Street, the street on which it was located, of 151 feet, when in fact these two lots had only a frontage of 105 feet on said street, and that the defendant "at most is only liable for only said width of 105 feet, and is not liable for 151 feet as set forth in said fi. fa."

The defendant demurred to the petition on the ground that the allegation that the consideration of the deed was "other valuable consideration" is vague, indefinite, and a conclusion of the pleader; and on the ground that it is not alleged in the petition that Alex Davis, against whom the execution was issued, owned the property at the time of the issuance of the execution or at the time the execution was recorded; and that the width of lots 20 and 21 is not set forth in the petition, and that it is not alleged in the petition that Alex Davis owned 151 feet on the street as described in the execution at the time the ordinance was adopted, or at the time the execution was issued, or at the time it was recorded; that it was not alleged in the petition when and where the defendant acknowledged that she knew that the claim was against the property; that the allegation in the petition as to such knowledge is only a conclusion of the pleader; and that the allegation that the defendant had made payment of $5 to the city as a credit on the execution is "irrelevant and immaterial." The court overruled these demurrers, and the defendant excepted pendente lite.

On the trial it appeared from the undisputed and uncontradicted evidence that the defendant sold to the plaintiff the property described in the deed of conveyance, dated April 9, 1935, which contained a general warranty of title thereto as being lots 20 and 21 in block D in East Albany, Georgia, of the C. M. Shackelford addition to East Albany, Georgia; that at the time there was an unpaid execution of the City of Albany issued April 1, 1931, against Alex Davis for street paving assessment against property described in the execution as lots 20 and 21 in block D of the

plan or map of the City of Albany, having a frontage of 151 feet on East Broad Street between City Limits Street and Hobson Street; that this execution was recorded on April 10, 1931, on the general execution docket in the office of the clerk of the superior court of Dougherty County; that prior to the issuance of said execution the defendant acquired by deed, February 3, 1931, from Alex Davis, the property which she afterwards deeded to the plaintiff on April 9, 1935; that on June 20, 1936, the execution was levied on the property which the defendant deeded to the plaintiff, and that the plaintiff, after having repeatedly requested and demanded the defendant to pay the amount of the execution and remove the lien from the property, which the defendant failed to do, paid the amount of the execution. The testimony of the defendant, Rebecca Pone, was to the effect that when she bought the property from Alex Davis, and when she sold it to the plaintiff, she had no knowledge of any claim of the city against the property. There was evidence that the plaintiff, through her representatives after she bought the property, had made repeated requests upon the defendant, Rebecca Pone, to pay the execution, and that Rebecca Pone refused to pay it and stated that she had been advised by her lawyer not to pay it, and that she would pay it when she had to; that Rebecca Pone refused to see plaintiff's representative when he called upon her for the purpose of urging her to pay the execution when she knew the object of his visit. Rebecca Pone in her testimony denied that she had refused to pay the execution and stated that she had informed the representatives of the plaintiff who had requested payment of her that she would pay the execution if it "belongs" to her to pay it, and if they would get the "number of foots right." There was also evidence that Rebecca Pone knew of the existence of this lien when she sold the property to the plaintiff, Mrs. Barbre. There was also evidence to the effect that the value of the services of the attorneys in representing the plaintiff in this litigation was $100.

The court instructed the jury to find a verdict for the plaintiff in the amount which the plaintiff had paid in satisfaction of the execution and interest, but submitted to the jury the issue whether they should allow the plaintiff reasonable attorney's fees should the jury find that the defendant had been stubborn and litigious and did not defend the case in good faith. The jury found for the

plaintiff a sum equivalent to the amount paid by her in satisfaction of the execution and interest as directed by the court, and the further sum of $50 as attorney's fees. The defendant moved for a new trial on the general grounds and certain special grounds. The defendant alleged as special grounds for a new trial that the court erred in excluding testimony offered by the defendant that the true frontage of lots 20 and 21 in block D, referred to in the execution, was 105 feet instead of 151 feet as recited in the description contained in the execution; that the court erred in rejecting evidence tending to show that in accordance with the measurements recited in the execution, the frontage of the property of the defendant against which the execution issued is only 87 feet, and includes only a part of the frontage of lots 20 and 21; that the court erred in instructing the jury to find for the plaintiff in the sum of $194.42 and interest which was the amount of the execution with interest, etc., and that the court erred in submitting to the jury the issue as to whether the plaintiff was entitled to recover reasonable attorney's fees. To the judgment overruling the motion for new trial the defendant excepted.

A valid execution issued by a municipality for a street-paving assessment against real estate constitutes a lien on the property, and a general warranty of title contained in a deed to the property executed after the lien has attached is a warranty of the title as against such lien. *Cheatham* v. *Palmer,* 176 *Ga.* 227 (167 S. E. 522). This is true notwithstanding the grantor at the time of the execution of the warranty deed had no knowledge of the existence of the lien. There is no attack on the validity of the lien as represented by the execution except on the alleged ground as alleged by the defendant in the plea, which she offered testimony to substantiate and which was rejected, that the property which the defendant had conveyed to the plaintiff which consisted of lots 20 and 21 in block D as more particularly described in the deed, and which are described in the execution as being the property against which the paving assessment was made and the execution issued, was not properly described in the execution, in that lots 20 and 21 were described in the execution as having a frontage on East Broad Street of 151 feet, when in truth and in fact the frontage was only 105 feet, and in that, according to the measurements recited in the execution, it is an execution only against a portion

of lots 20 and 21 having a frontage of only 87 feet on East Broad Street. This attack more succinctly stated is that the lien and execution are invalid on the ground that while, under the description of the property contained in the execution, it is an execution against property of the defendant, it is in the one case an execution against more frontage than the defendant owned, and in the other case against less property than the defendant owned. For neither of these reasons is the lien or the execution invalid. The execution constituted a valid lien at least against a portion of the property which belonged to the defendant and which she deeded by warranty deed to the plaintiff. These objections urged by the defendant do not go to the validity of the lien. They go rather to the question as to an excess in the amount of the assessment as represented in the execution.

The defendant insists that either by virtue of the execution being as alleged against a greater frontage than the defendant possessed, namely, 151 feet, when the defendant in fact possessed only 105 feet, or that, according to the true description of the property as contained in the execution, it was an execution against only a portion of the property which the defendant possessed abutting on the street, that is, that it was an execution against only a portion of the defendant's property which fronted 87 feet on the street, and was not against the defendant's entire property which abutted 105 feet on the street; that the execution was for an assessment against the property of the defendant on the basis of a front footage in excess of the frontage owned by the defendant, or as represented in the property against which the execution issued. The defendant's contention here is that, notwithstanding the execution may be valid as an execution against property of the defendant, the amount represented in the execution is excessive. The execution is, according to the defendant, an execution against at least a portion of the defendant's property abutting 87 feet on the street. The execution is in a recited amount, as representing an assessment for street paving made against the property against which the execution has issued, and is for an amount as, according to the recitals in the execution, represented in the assessment ordinance assessing the property against which the execution issues. The amount of the assessment as recited in the execution is presumably correct. The excessiveness of the assessment, even

if the defendant could resist it on collateral attack as she attempts to do here, could not be determined without reference to the ordinance authorizing the pavement or making the assessment or other facts. These ordinances do not appear. Nor is there any fact showing that the assessment is excessive.

It therefore appears conclusively and as a matter of law that there was a valid lien in favor of the City of Albany against the property for a paving assessment in the amount of the execution against which the defendant, in selling the property to the plaintiff, warranted the title. After the defendant, in disregard of repeated demands from the plaintiff for payment, had failed and refused to discharge the lien by paying the execution, the plaintiff had a right to pay the execution and recover the amount paid of the defendant. *Amos* v. *Cosby,* 74 *Ga.* 793; *McEntyre* v. *Merrill,* 49 *Ga. App.* 416 (175 S. E. 661). The court therefore did not err in directing the jury to find for the plaintiff in the amount of the principal of the execution and interest which the plaintiff had paid in discharge of the execution, with interest thereon. Without repeating in detail the grounds of special demurrer to the petition excepted to, and the special grounds of the motion for new trial which were overruled, it appears from the application of the law as above announced that the court did not err in overruling the special demurrers and did not err in excluding the evidence offered by the defendant.

The expenses of litigation may be allowed where the defendant has "acted in bad faith or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Code, § 20-1404. The defendant defended the suit on the ground that she did not owe the money, and it appears from the testimony of the witnesses for the plaintiff that the defendant stated that she refused to discharge the lien because her attorneys had advised her that she did not have to do so, and the defendant herself testified that she did not pay it because the amount of the assessment was incorrect. Both attitudes are consistent. While it appears from the evidence that the defendant had stated that she knew the lien was on the property when she sold it to the plaintiff, there is no evidence that the defendant falsely represented to the plaintiff that there was no lien on the property at the time of the sale, or that the plaintiff when she bought the property did not know

of the existence of the lien. Under this evidence the jury was not authorized to find that the defendant had, when selling the property, acted in bad faith, or in failing to pay the lien and in contesting it acted in bad faith, or was stubbornly litigious, or had caused the plaintiff unnecessary trouble and expense. Unless the defendant was guilty of deceit or fraud in the sale of the property, or acted in bad faith as respects the existence of the lien on the property when she sold it, the plaintiff can not, in a suit to recover damages for a breach of the warranty, recover attorney's fees for prosecuting the action. *Smith* v. *Williams,* 117 *Ga.* 782 (4) (45 S. E. 394, 97 Am. St. R. 220). The evidence therefore was insufficient to authorize the verdict which was found in the sum of $50 against the defendant as attorney's fees.

Since the court properly directed a verdict for the plaintiff in the amount of the execution which the plaintiff had paid to discharge the execution which was a lien against the property, and there is no evidence to support so much of the verdict as finds for the plaintiff in an amount for attorney's fees, the judgment is affirmed on condition that the plaintiff write off from the verdict the amount found for attorney's fees, and in the event that the plaintiff fails to do this before the judgment of this court is made the judgment of the trial court, the judgment will stand reversed.

*Judgment affirmed on condition. Felton, J., concurs.*

SUTTON, J. I concur in the above opinion, but I am of the opinion that the verdict for attorney's fees was authorized by the evidence. I think the judgment of the lower court should be affirmed in its entirety.