18678, 18694.   McCALLUM *v*. BRYANT *et al.;* and *vice versa.*

Argued September 13, 1954—Decided October 13, 1954.

*Hardin & McCamy*, for plaintiff in error.

*Pittman, Hodge & Kinney, R. Carter Pittman*, contra.

MOBLEY, Justice. A controlling question is whether or not the erection of the building which was sought to be enjoined was violative of the zoning ordinances of the City of Dalton. An ordinance adopted January 9, 1952, after setting forth that the mayor and council on December 18, 1939, adopted an ordinance purporting to be a codification of the ordinances, but the same was not spread upon their minutes as required by law, re-enacted 183 pages of written and printed matter as a proper codification of the charter and ordinances of the city effective from and after December 18, 1939. Section 477 of the above codification of ordinances declares that named streets, including Thornton Avenue from the W. & A. Railroad crossing to Walnut Avenue, "are hereby restricted for residences only, and hereafter no person shall construct on either side of either said streets so restricted within a distance of 200 feet from either side of either restricted street any structure or building which is arranged, intended or designed to be used for prohibited uses. A nonconforming use may not be changed unless changed to conforming use."

The defendants were allowed over objection to introduce in evidence a duly certified copy of an ordinance adopted April 17, 1946, amending section 477 of the City Code, as amended by an ordinance adopted October 20, 1941, by adding the following: "Notwithstanding any provision of this section or of any other zoning ordinance heretofore adopted, structures or buildings or premises may be erected or used in any location within the City of Dalton for public service or public utility or similar purposes including structures, buildings or premises used by or for churches, school houses, court-houses, hospitals, libraries, or companies engaged in the distribution of electricity."

Counsel for the petitioner insist that the above ordinance could not have the effect of amending section 477 of the City Code, because that section was not in force and had not been legally enacted at the time of the purported amendment. In re-enacting the zoning ordinance on January 9, 1952, it was expressly stated

that it should not affect the validity of "ordinances which may have been enacted by the Mayor and Council of said City since December 18, 1939." Irrespective of whether section 477 of the City Code was in force at the time, the amendment adopted on April 17, 1946, being complete in itself and amending other zoning ordinances theretofore adopted, was a valid ordinance. This is true for the reason that, "Where an ordinance is in itself complete and properly passed, the fact that it recites in its title that it was enacted to amend a former ordinance which was void does not invalidate it, and the reference to the void ordinance may be rejected as surplusage." 62 C. J. S. 832, § 434 (c). It follows that the trial court did not err in admitting in evidence the amendatory zoning ordinance of April 17, 1946.

Under the uncontradicted evidence, the building the erection of which was sought to be enjoined was to be used by the Agricultural AAA, a branch of the United States Government, which use would be a public service, and therefore would be an exception within the meaning of the zoning ordinance adopted April 17, 1946. Accordingly, the trial court did not err in refusing to grant the petitioner's prayer for injunctive relief.

In the light of what has been held, it becomes unnecessary to pass upon the assignments of error raised in the cross-bill of exceptions.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*