22880. RALSTON PURINA COMPANY, INC. v. ACREY.

Argued March 8, 1965—Decided April 8, 1965.

*Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error. *Jack N. Gunter,* contra.

QUILLIAN, Justice. ■ The defendant makes two contentions

regarding his grounds of general demurrer. First, it is argued that the petition failed to allege when the construction of the plant was begun. Hence, construing the pleadings most strongly against the pleader, it would appear that the construction began prior to the enactment of the ordinance and would qualify as a protected nonconforming use.

The general rule is that a petition need not by anticipation negative possible defenses on the part of the defendant. *Wright v. Conner*, 200 Ga. 413, 415 (37 SE2d 353). Here the petition alleges that the defendant commenced the operations which are sought to be enjoined almost a year and a half after the adoption of the zoning ordinance. The mere possibility that construction of the plant began before the adoption of the ordinance does not amount to an allegation of a pre-existing nonconforming use allowed under the statute. See Ga. L. 1946, pp. 191, 200 (*Code Ann.* § 69-835). Furthermore, prior nonconforming uses are not absolutely protected from subsequent zoning regulations. The law, *Code Ann.* § 69-835, supra, provides means by which such uses may be phased out or required to cease, and this court has held that it is incumbent upon one seeking to use property for a nonconforming use after a rezoning ordinance to show that his prior use of the property was legal and not unlawful. *Troutman v. Aiken*, 213 Ga. 55, 56 (96 SE2d 585).

Hence, even a nonconforming use would not be protected unless it appeared that it was lawful at its inception. Clearly, such a matter is within the province of defensive pleadings and the plaintiff is not required to negative this possible defense.

Second, the defendant urges that, since the plant was completed in November, 1963, and its operations began and continued until the time the suit was filed in November 1964, the plaintiff was guilty of laches and by his delay was estopped to assert his rights. A general demurrer asserting that no cause of action is set forth does not raise the question whether the plaintiff is barred by laches. *Concrete Coring Contractors v. Mechanical Contractors & Engineers*, 220 Ga. 714 (141 SE2d 439), and cases cited.

Even if this were not so, we find no merit in the defendant's contention. Where, according to the petition, the defendant

acted in direct violation of the plain prohibition of the zoning ordinance, it could not be said to rely on the plaintiff's inaction in not immediately insisting upon or compelling enforcement of the zoning ordinance. Especially is this true where the petition does not disclose that the plaintiff had any knowledge of the use to which the building would be put prior to its completion, nor is there anything to show that the defendant has incurred additional expense since the commencement of its operations or suffered loss of any kind through the plaintiff's delay in bringing suit. No ground upon which the doctrine of laches might be applied appears affirmatively from the allegations of the petition. Hence, it was not subject to demurrer. *Hadaway v. Hadaway*, 192 Ga. 265, 269 (14 SE2d 874).

■ We now consider the constitutional attacks raised in the defendant's demurrers. The thrust of the defendant's argument is that the zoning ordinance was based on the 1959 Act, supra, which was unconstitutional for various reasons.

This court has held that the omission of an enacting clause does not invalidate an ordinance. *City of Cartersville v. McGinnis*, 142 Ga. 71, 76 (3) (82 SE 487, AC 1915D 1067). The general rule is: "Even a misrecital in an ordinance of the source of the power by which the ordinance is passed does not invalidate it if in point of fact the power to enact it existed." 62 CJS 791, Municipal Corporations, § 414 (c). See *McCallum v. Bryant*, 211 Ga. 98, 100 (84 SE2d 39). For whatever reason the 1959 Act was enacted it was superfluous since the 1946 Act gives full power to cities to adopt zoning ordinances for certain specified purposes. As far as the record shows, this ordinance fully complied with the general law's terms and conditions and is expressly adopted for the purposes sanctioned and required by the 1946 Act. Further, no question is raised that the zoning ordinance is in any way contrary to or violative of the general law. We find no valid reason to hold that the ordinance must stand or fall dependent upon the validity of the 1959 Act, where such ordinance comes within the terms of the 1946 Act. It would be useless formality to rule upon the constitutionality of the 1959 Act; for, even if it were found to be unconstitutional,

the ordinance, being within the purview of the 1946 Act, would still be sustainable. *Stegall v. Southwest Ga. Housing Authority,* 197 Ga. 571, 585 (30 SE2d 196).

*Judgment affirmed. All the Justices concur.*