23917. KIKER et al. v. CITY OF RIVERDALE et al.

UNDERCOFLER, Justice. Plaintiffs brought suit to enjoin the defendants from operating an automobile wrecking service in the City of Riverdale at a location not authorized by the city's zoning ordinance. The evidence shows the defendants obtained a business license from the city on March 18, 1966, to operate a wrecking service but the license indicated no address nor where the business was to be located. Thereafter, on July 27, 1966, one of the defendants in his individual name applied to the city for a building permit for the erection of a commercial building on Springdale Drive in the City of Riverdale. The application did not state the purpose for which the building was to be used. The building was erected and the lot enclosed with a fence at a substantial cost and a wrecking service was conducted therefrom. By affidavit introduced in evidence the Mayor of Riverdale stated that one of the defendants was advised of the zoning restrictions before erection of the building and fence but the

defendant took the position "that he had a license and nothing further was needed." The trial court, after considering the evidence submitted by affidavits, enjoined defendants from operating their automobile wrecking service at its location on Springdale Drive in the City of Riverdale. The defendants in their enumeration of errors specify that the issuance of the business license and the building permit together with their expenditures in reliance thereon estop plaintiff from obtaining the relief sought, and the restraining order is contrary to the law and the evidence. *Held:*

Estoppel arises under a variety of circumstances and generally the cases rather than any rule must be reviewed and applied. Where, as here, the evidence shows that a business license for a wrecking service issued by the city did not specify the location of such business, that a building permit issued by the city at a later date to one of the parties together with the application therefor did not indicate the proposed use of the building, and that the defendants were advised of the zoning restrictions before proceeding with the construction of the building, the plaintiff in issuing the said building permit and business license was not estopped from obtaining the relief sought. Since the evidence was ample to support the verdict, the court did not err in issuing its restraining order. *Snow v. Johnston,* 197 Ga. 146 (28 SE2d 270); and *Graham v. Phinizy,* 204 Ga. 638 (2) (51 SE2d 451). On estoppel of municipal corporations generally, see *City of Calhoun v. Holland,* 222 Ga. 817 (152 SE2d 752).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1967—DECIDED FEBRUARY 23, 1967.

*Kemp & Watson, John L. Watson, Jr.,* for appellants.
*Howard P. Wallace, Charles J. Driebe,* for appellees.