### 28190. MALOOF et al. v. GWINNETT COUNTY et al.

SUBMITTED AUGUST 10, 1973 — DECIDED SEPTEMBER 6, 1973 —
REHEARING DENIED OCTOBER 4, 1973.

*Glyndon C. Pruitt,* for appellants.
*Stark, Stark & Henderson, Homer M. Stark,* for appellees.

MOBLEY, Chief Justice. Louis N. and Sue Ann Maloof appeal from the grant of an interlocutory injunction.

Gwinnett County and several property owners in the vicinity of the residence of the appellants brought an equitable complaint against the appellants in two counts. In the first count the county and the property owners alleged that the appellants were operating a commercial dog kennel in a zoning district of the county in which such use is not permitted, and prayed for temporary and permanent injunction against such operation. In the second count the property owners sought to abate the commercial dog kennel as a nuisance.

After a hearing, the trial judge restrained the appellants from continuing to operate a commercial dog kennel upon their premises. He held that the operation of a kennel for private use was not prohibited under the zoning regulations of the county, and reserved the right to make a ruling in the future, after the discontinuance of the commercial operation, as to whether the operation of the kennel should be abated as a nuisance.

The zoning regulations of Gwinnett County at the time the appellants' kennel was built did not permit any commercial operation, either as a permitted or conditional use, in the Lakeside Residential District where their property is located, and a commercial operation is not permitted in the district under the present zoning regulations.

In December, 1967, the appellants were granted a building permit to build a "storage building, workshop and barn com-bination." The kennel was built in 1967 and 1968. Louis Maloof testified that he went to the zoning committee and talked to someone in the office and told them that he wanted to build a dog kennel, that he bred dogs and planned to board dogs, and "they said, go to it, and so I did." He testified that he submitted plans to them for the construction of the building, and that the building cost about $10,000. The appellants stated that the kennel was built for their own dogs and to board dogs for others.

Counsel for the appellants contends that the present case is controlled by *Springtime, Inc. v. Douglas County,* 228 Ga. 753 (2) (187 SE2d 874). The defendant in the *Springtime* case owned and operated a mobile home park, located on a portion of a larger tract of land owned by him. The area in which the park was located was subsequently zoned for single-family residences, a zoning category excluding mobile home parks. Thereafter the defendant applied for a building permit to erect or develop a trailer park, and a permit was issued. The defendant immediately proceeded with the development of an addition to its mobile home park, spending in excess of $100,000. After the construction was complete, the county brought injunctive action, and this court held that the county was guilty of delay and laches in negligently allowing the defendant to make large expenditures before bringing its action, and was not entitled to injunction.

The facts in the present case are not similar to those in *Springtime, Inc. v. Douglas County,* supra. The appellants in the present case did not receive a building permit authorizing them to construct a commercial dog kennel. At the time the kennel was built the zoning regulations of Gwinnett County did not permit the operation of a commercial kennel on their property, and they would be presumed to know this fact. Since the zoning regulations did not prohibit the construction of a private kennel on the appellants' property, the erection of the kennel did not put the county authorities on notice that the zoning regulation was being violated. The evidence does not show that any substantial sum of money was expended by the appellants on the kennel after the county authorities and the property owners discovered that the kennel was being operated as a commercial kennel in violation of the zoning regulations.

The trial judge did not abuse his discretion in holding that the appellees were not estopped by laches from seeking injunctive relief, and in granting the interlocutory injunction against the commercial use of the kennel. Compare *Ralston Purina Co. v. Acrey,* 220 Ga. 788, 791 (142 SE2d 66); *Kiker v. City of Riverdale,* 223 Ga. 142 (154 SE2d 17).

*Judgment affirmed. All the Justices concur.*