28768. DAVIDSON v. GUHL et al.

HALL, Justice.

J. Dean Davidson sought an interlocutory injunction

against the DeKalb County zoning authorities prohibiting them from interfering with his use of his property. The injunction was denied, and Davidson appeals.

In a residentially zoned neighborhood (designation R-100), Davidson by his own testimony was conducting a summer day camp for children enrolled in his numerous Raggedy Ann and Andy day care centers located elsewhere. There was no separate charge made for attendance at the summer camp; it was part of the program of the commercial day care centers. Each child went to the camp two or three days during the summer weeks. The children were taken to the camp in the mornings from the centers where they were left by their parents, and returned to the centers in the afternoon.

Prior to developing this property, Davidson's application to the DeKalb County Planning Department for a development permit showed that the proposed use was "private club" and the project name was "summer lodge for J. Dean Davidson." The attached plat showed only a proposed "lodge" consisting of an open pavilion and dressing rooms, and a fishing pond. Around June 27, 1973, in response to a complaint, the county sent a zoning enforcement officer to the property. There the officer found a Raggedy Ann and Andy sign at the entrance; numerous buses marked Raggedy Ann and Andy; counselors and children. In addition to the pavilion, he found a mobile home attached to the pavilion and apparently used as an office and food preparation area for the children's lunches. He also found a finished swimming pool instead of a fishing pond. The county issued a cease and desist order.

Davidson's stance in defense of his use of his property was that prior to the use he had discussed his plans with, and received approval from, C. R. Coleman, a planning administrator with the DeKalb County Planning Department, Zoning and Licensing Division, and that in reliance upon this approval he had expended approximately $45,000 in improvements to the property to make it suitable for day camp use. Davidson invokes *Springtime, Inc. v. Douglas County,* 228 Ga. 753 (2) (187

SE2d 874) in support of his contention that DeKalb County is now equitably estopped to enjoin his use, and attempts to distinguish *Maloof v. Gwinnett County,* 231 Ga. 164 (200 SE2d 749) on the ground that unlike *Maloof,* his use was not commercial. Additionally, he urges that the use of his property as a summer day camp is not specifically prohibited by zoning ordinances.

Following a hearing, the superior court found that Coleman was without authority to issue a variance from the ordinance, and that the work went beyond that authorized by the permit. The prior injunction against the county was dissolved.

The record contains no testimony by Coleman concerning the contents of his discussions with Davidson. He testified that some discussion had taken place, but he was unable to remember its substance. The county attempted to introduce testimony of Warren, Coleman's supervisor, concerning Coleman's conversations with Warren in connection with Davidson's conversations with Coleman, but Davidson's attorney objected. The proposed testimony was excluded. The record as it stands fails to show that Coleman had authority to grant the sort of oral variance which Davidson alleged he received, and the trial court was authorized to conclude that this authority was absent. Additionally, the record is devoid of indication that Davidson's expenditures were made after the county had been put on notice of his actual operation of a day camp in violation of the zoning regulations. *Springtime,* supra, is not applicable to the facts here.

The record contains evidence from which the trial court was authorized to find that a commercial operation in the nature of a day camp was being operated on the property, despite Davidson's evidence that no money actually changed hands on the premises and his argument that the outings to the camp were merely field trips. Granted this evidence of commercial operation, this case is controlled by *Maloof,* supra, and the trial court correctly dissolved the injunction against the county and refused Davidson's prayer for an interlocutory injunction. Analogous to appellant in *Maloof,* Davidson did not receive a building permit authorizing him to

construct and operate a commercial day camp. Davidson in his testimony admitted that as a developer he was familiar with the zoning regulations of the county.

Davidson's argument that the ordinance does not mention day or summer camps, and that therefore this omission must be construed to permit their use, is without merit. The DeKalb ordinance requires in mandatory terms that one must obtain a development permit for the proposed use prior to the commencement of improvements. The particular use approved by the county was that of "non-commercial club or lodge" as set forth in the zoning ordinance, defendants' Exhibit 1. The evidence of commercial use is adequate to show that Davidson's use violated the permitted use as granted by the development permit.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 9, 1974 — DECIDED MAY 21, 1974.

*Mackey & Elliott, James A. Mackey, Thomas W. Elliott,* for appellant.

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellees.