### 28994. SACHS et al. v. SWARTZ.

SUBMITTED JUNE 28, 1974 — DECIDED OCTOBER 25, 1974.

*Grubbs & Platt, Adele Platt,* for appellants.
*McDonald & Dupree, Hylton B. Dupree,* for appellee.

GRICE, Chief Justice.

Ralph R. Sachs and George H. Williams appeal from the judgment in the Superior Court of Cobb County denying their motion for summary judgment and granting the motion for summary judgment of William H. Swartz.

The appellants brought an action against the appellee alleging essentially: that the appellants as sellers and the appellee as purchaser entered into a contract for the sale of described realty; that the contract provided that the purchaser had paid $10,000 to be held in escrow until the closing, and that, if the sale was not consummated because of the default of the purchaser, this earnest money was to be paid to the sellers as total liquidated damages; that the purchaser had failed to perform under the contract without just cause; that the sellers were entitled to judgment for $10,000; and that the escrow fund should be applied to this judgment.

The purchaser in his answer denied that he defaulted in the contemplated sale and denied that the sellers were entitled to damages.

By counterclaim, the purchaser alleged in essence as follows: that he entered into the contract upon the sellers' representation that the entire property was zoned for apartment construction; that in reliance on the good faith of the sellers he employed an engineering firm for the purpose of determining the layout for multi-family structures; that on or about the date for closing the sale the engineers informed him that approximately 4 acres of the 13.74-acre tract were zoned for residential use only; that upon ascertaining that the property was not zoned in accordance with the contract and the representations of the sellers, he considered the sellers in default of the contract. He demanded that the $10,000 in the escrow fund be returned to him; and that he be awarded expenses of $872.20, punitive damages, and attorney fees.

In the printed portion of the contract of sale it was provided that the seller warranted that he had title to the property; that the seller agreed to convey good and marketable title by warranty deed, subject to four items, one of these being: "Zoning ordinances affecting said property . . ." At the conclusion of the contract certain typed "special stipulations" were listed, and it was stated that these stipulations would control, if conflicting with printed matter; and that the ninth stipulation was as follows: "Seller warrants this property is zoned for Garden Apartments."

The purchaser (appellee) filed a motion for summary

judgment. The accompanying affidavits recited in material part the facts which follow. At the time the contract of sale was signed in the office of a real estate broker one of the sellers affirmed to all present that the property was zoned for apartments. A special stipulation was placed in the contract based on this affirmation, and it was the understanding of the purchaser, and of other affiants who were present, that the zoning stipulation was a condition precedent to the closing of the sale. On the date for the closing the purchaser was informed by the engineering firm employed by him that the property was not entirely zoned for apartments. The purchaser then considered that he was not bound by the contract and refused to consummate it. After the closing date for the sale, the sellers petitioned the zoning authorities of Marietta for a rezoning of the portion of the property which was zoned residential but this petition was denied.

The sellers (appellants) filed their motion in opposition to the grant of summary judgment to the purchaser, and also for summary judgment in their own behalf. In the affidavit of one of the sellers, accompanying the motion, he stated that he did not realize that the entire tract was not zoned for apartments until he was informed of this fact by the purchaser on the date set for closing the sale.

The purchaser thereafter amended his counterclaim to allege that the representation of the sellers in the contract of sale that they warranted the property was zoned for apartments was founded on mistake, and demanded that the contract be rescinded because of this mistake.

The trial judge denied the sellers' motion for summary judgment and granted the purchaser's motion for summary judgment. He ordered that the escrow fund be paid to the purchaser, and that the other demands of the purchaser for unliquidated damages be reserved for determination by a jury.

The appeal is from these rulings, upon certificate for immediate review.

The primary question for determination here is whether the nonperformance of the aforesaid special stipulation, that the sellers warrant that the property is

zoned for apartments, authorized a rescission of the contract by the purchaser.

Code § 20-109 provides: "A contract may be absolute or conditional. In the former, every covenant is independent, and the breach of one does not relieve the obligation of another. In the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants. The classification of every contract must depend upon a rational interpretation of the intention of the parties."

Code § 20-907 provides: "In some cases a party may rescind, without the consent of the opposite party, for nonperformance by him of his covenants; but this can be done only when both parties can be restored to the condition in which they were before the contract was made."

In *Fletcher v. Fletcher,* 158 Ga. 899 (124 SE 722), it was said: "The right of one party to rescind a contract, for nonperformance by the other party of his obligations thereunder is not confined to covenants in their strict legal sense, but extends to agreements other than such covenants . . ."

Both the sellers and the purchaser would be presumed to know the zoning regulations of the City of Marietta. *Maloof v. Gwinnett County,* 231 Ga. 164 (200 SE2d 749). However, when the sellers by a special stipulation in the contract warranted that the property was zoned for apartments, this was, in effect, a covenant that the property was already zoned for apartments, or would be thus zoned at the time for closing the sale.

The sellers contend that rescission of the contract was not available to the purchaser because Code § 20-1412 provides a remedy by damages for a breach of warranty of title. They further contend that the purchaser did not comply with the contract by giving written notice to the sellers.

The stipulation here in regard to the zoning status of the property did not concern title, and Code § 20-1412 has no applicability to the case. The provision of the contract requiring written notice as to any defect in title would not require written notice as to the non-

performance of a condition of the contract having no relation to title.

There is no dispute in the evidence that all parties entered into the contract under the mistaken belief that the property was zoned for apartments. The stipulation warranting that the property was zoned for apartments was a material covenant of the contract, since the purchaser intended to build apartments on the property.

The plaintiffs agreed to sell the defendant land zoned for garden apartments. He failed to do so. A portion of the property was zoned for residential use.

The purchaser does not seek to rescind an absolute conveyance, but an unconsummated contract of sale. Under the contract and the evidence submitted as to the intention of the parties, the nonperformance of the special stipulation by the sellers authorized a rescission of the contract by the purchaser. There were no issues of fact to be submitted to a jury except those reserved in the judgment of the trial judge.

The appellants contend that the appellee filed no response to their motion for summary judgment, and that they are therefore entitled as a matter of law to the grant of their motion for summary judgment.

The appellee's supporting affidavits filed with his motion for summary judgment were before the trial judge. The appellants' motion for summary judgment raised no new issue of fact which required an additional response by the appellee.

We find no error in the rulings complained of in this appeal.

*Judgment affirmed. All the Justices concur.*