### 69652. WILLIAMSON v. MTA BROKERAGE CONSULTANTS, INC.
(333 SE2d 24)

McMURRAY, Presiding Judge.

In May of 1982 a state tax execution was issued on an earlier tax assessment against defendant. By warranty deed dated January 7, 1983, defendant conveyed certain real property to plaintiff. On January 11, 1983, prior to the recording of the aforementioned deed, the state tax execution was recorded. The above deed was recorded on January 18, 1983.

On January 12, 1983, plaintiff conveyed the real property in question to a third party. In connection with the conveyance to the third party, plaintiff satisfied the state tax execution which had been filed against defendant on January 11, 1983.

Subsequently, plaintiff filed this action in two counts against defendant seeking recovery of the sum paid to satisfy the tax execution and damages for fraud. Defendant answered and counterclaimed for abuse of process.

The trial court granted summary judgment on plaintiff's claim for the sum it had paid to satisfy the tax execution and granted summary judgment as to liability on the fraud claim. The plaintiff thereafter dismissed without prejudice its claim predicated on fraud. Defendant appeals from the entering of judgment in favor of plaintiff. *Held*:

"It appears to be well-settled law that where a vendee has fairly and reasonably paid a sum of money to remove an incumbrance which was outstanding, and was a legal and valid lien on land at the time of his purchase from the vendor, that he may recover the amount thus paid from his vendors." *Amos v. Cosby*, 74 Ga. 793, 794. See also *Pone v. Barbre*, 57 Ga. App. 684, 688 (196 SE 287); *Robertson v. Webster*, 79 Ga. App. 30 (52 SE2d 511); *Cheatham v. Palmer*, 176 Ga. 227, 235 (167 SE 522).

The uncontroverted evidence is "that an assessment against J. P. Williamson [defendant] for unpaid State of Georgia withholding taxes was issued on the 1st day of April, 1982 . . . [and that a State tax execution] was issued upon the foregoing assessment on the 5th day of May, 1982 against J. P. Williamson [defendant] . . . [that] the assessment . . . remained unsatisfied and unpaid as of January 7, 1983. . . . That the aforesaid State Tax Execution against J. P. Williamson [defendant] was paid in full and satisfied on the 28th day of February, 1983."

Defendant contends that a factual issue is presented as to whether he was personally liable for the assessment. Defendant argues that the assessment and execution issued were invalid, thus plaintiff's payment was purely voluntary. This argument is predicated upon his affidavit stating that when he signed the "owner's affidavit" on January 7, 1983, in connection with his conveyance of the real property in question to plaintiff, he had no personal knowledge of any assessment and no personal knowledge of any notice regarding an assessment against himself. Defendant suggests that his affidavit is evidence of a failure by the State to comply with the provisions of OCGA § 48-2-45 regarding service of notice of assessment. However, we must conclude that defendant's evidence is not sufficient to rebut the presumption of regularity in regard to the tax assessment (*Northwestern Mut. Life Ins. Co. v. Suttles*, 201 Ga. 84, 106 (3) (38 SE2d

786)) and execution as the evidence is not inconsistent with compliance with OCGA § 48-2-45. The record before us presents no genuine issue of material fact in regard to the validity of the tax assessment satisfied by plaintiff. We find no error in the trial court's grant of summary judgment in favor of plaintiff.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 20, 1985 — 

*C. Nelson Jarnagin, Bruce S. Harvey, Frank L. Derickson,* for appellant.

*Russell S. Thomas,* for appellee.