A90A0915. DECATUR et al. v. BARNETT et al.
(398 SE2d 706)
POPE, Judge.
Plaintiffs Caitlin L. and Douglas A. Decatur, wife and husband, brought this action against their immediate and two remote grantors of certain real property in Fayette County. They allege the grantors breached the warranty of title to the land, issued by each of them successively, because plaintiffs have discovered that the one-acre lot is in violation of the Fayette County zoning ordinance which imposes a minimum lot size of five acres for land within the applicable zoning classification. Moreover, the lot does not comply with any existing classification in the county.[1]

The record shows the lot in question was originally part of a

---

[1] The lot contains a dwelling which is not connected to the municipal water system. Although the complete ordinance does not appear in the record, the parties apparently agree that according to the county zoning ordinance, any lot one acre or less in size must be connected to the municipal water system.

larger parcel measuring 7.6 acres. One of the remote grantors subdivided the larger parcel and sold off the one-acre lot. The one-acre lot was subsequently conveyed to plaintiffs' immediate grantors who then conveyed the lot to plaintiff Caitlin Decatur, who conveyed her interest in the lot to herself and her husband jointly. Plaintiffs filed a motion for partial summary judgment against their immediate grantors for the return of the purchase price they paid for the lot plus interest and for the closing costs incurred in the purchase. Plaintiffs further moved for partial summary judgment against the remote grantors for joint and several liability for the return of the purchase price to the extent of the sums paid to them by their respective grantees in the two previous sales of the lot. Additional items of special damages prayed for in plaintiffs' complaint were not covered in the motion for summary judgment but were left for jury determination. We granted plaintiffs' application for interlocutory appeal and we hereby reverse the denial of plaintiffs' motion.

1. We agree with that portion of the trial court's order declaring that the zoning status of property does not relate to title and does not create a breach of warranty of title. See *Sachs v. Swartz*, 233 Ga. 99 (209 SE2d 642) (1974). Moreover, zoning being a matter of law, both the seller and the purchaser are presumed to know the applicable zoning regulations. See *Maloof v. Gwinnett County*, 231 Ga. 164 (200 SE2d 749) (1973). The fact that the use of property is restricted or regulated by ordinance is not an encumbrance upon title. However, here the property when sold was in violation of the applicable ordinance.

The courts of Georgia have not addressed whether the conveyance of land which is in violation of a municipal ordinance is such an incumbrance as to constitute a breach of warranty of title. However, the majority of jurisdictions which have considered this issue have held that violation of a municipal ordinance is a breach of the warranty of merchantability of title, for it exposes the purchaser to litigation. See, e.g., *Lohmeyer v. Bower*, 227 P2d 102 (Kan. 1951); *Oatis v. Delcuze*, 77 S2d 28 (La. 1954); *Moyer v. De Vincentis Constr. Co.*, 164 A 111 (Pa. Super. 1933). We find these opinions instructive and hold that conveyance of land which is in violation of a zoning ordinance is a breach of the covenants included in a general warranty of title. See OCGA § 44-5-62. The owner of land which is in violation of an ordinance is subject to civil and even criminal penalties. Even if the title is free from claims of paramount interest, it cannot be said that title is free from encumbrances when the status of the property exposes the titleholder to litigation. " '[A] title is not marketable where it exposes the party holding it to litigation.' [Cit.]" *Moyer v. De Vincentis Constr. Co.*, supra at 112.

In this case, the applicable regulations prohibit conveyance of a

lot which, like the one at issue in this case, was sub-divided without official approval. See § 10-1.1 of the Fayette County Subdivision Regulations (1973, as amended through December 1987). Therefore, neither plaintiffs' immediate nor remote grantors had the right to convey the lot without prior approval and, by operation of the ordinance, the plaintiffs themselves do not have the right to convey their property in its current status. Pursuant to § 10-2 of the Regulations: "Any person . . . who shall divide and offer for sale any real estate in violation of the terms or provisions of this Ordinance" is in violation of law and subject to criminal punishment. We reject defendants' argument that said ordinance applies only to the original subdivision of the land and does not render plaintiffs subject to litigation or penalty. When read in its entirety the applicable ordinance prohibits not only the initial subdivision and sale of the lot but the maintenance and further sale of the lot. This particular ordinance does not merely regulate the use for which this property may be employed (e.g., residential, industrial, etc.) but prohibits the very existence of this non-conforming lot. This lot does not conform to any existing zoning classification. Pursuant to § 10-3 of the Fayette County Ordinance (1980, as amended through March 1988), any person who violates the ordinance is subject to fine or imprisonment. Thus, by purchasing the lot in its non-conforming state, the plaintiffs are subject to criminal prosecution.

2. The sales contract between plaintiffs and their immediate grantors stipulated the grantors' warranty of good title was made "subject . . . to . . . zoning ordinances affecting said property. . . ." As noted in Division 1, even without this language, the existence of public regulations or restrictions on the use of land does not create an encumbrance upon the title. The contract language merely stipulates that the conveyance was made subject to the existence of zoning ordinances which are not, in any event, encumbrances upon good title. The contract language does not make the general warranty subject to an exception for an existing violation of public regulations or restrictions. The existence of *violations* of applicable zoning laws is an encumbrance on the marketability of title. Thus, the trial court erred in concluding an issue of fact exists concerning whether the parties agreed to so limit the scope of the warranty thereby estopping plaintiffs from bringing an action for breach of warranty.

3. The proper measure of damages for a breach of warranty of title to land is set forth by statute at OCGA § 44-5-66. The purchase money with interest from the time of sale should be awarded unless the jury determines a setoff should be allowed against the interest for use of the premises. "However, if valuable improvements have been made on the premises, the interest should be allowed." Id. Here the record shows plaintiffs made valuable improvements to the property

so, by statute, plaintiffs are entitled to an award of purchase money plus interest. As claimed by plaintiffs, the remote warrantors are liable over to the immediate warrantors. See *Sawyer Coal &c. Co. v. Kinnett-Odom Co.*, 192 Ga. 166 (2) (14 SE2d 879) (1941). Cf. *Croom v. Allen*, 145 Ga. 347 (1) (89 SE 199) (1916) (where a remote grantor was liable to plaintiff for breach of warranty of title).

The trial court erred in holding the plaintiffs are not entitled to damages until it can be determined whether they are able to obtain a variance from the zoning ordinance. Had plaintiffs chosen, in lieu of an action for breach of warranty of title, to pursue a zoning variance they could possibly seek costs and other damages for obtaining a variance. See *Williamson v. MTA Brokerage Consultants*, 175 Ga. App. 173 (333 SE2d 24) (1985); *Pone v. Barbre*, 57 Ga. App. 684 (2) (196 SE 287) (1938). However, the court cannot impose on an innocent party an affirmative duty to correct or mitigate the breach of the culpable party. See *DeKalb County &c. Credit Union v. D. L. Claborn Buick*, 162 Ga. App. 631 (292 SE2d 507) (1982). Damage for breach of warranty, pursuant to OCGA § 44-5-66, is the proper measure of damage in this case and the trial court erred in failing to grant plaintiffs' motion for partial summary judgment.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1990 —
REHEARING DENIED NOVEMBER 5, 1990 — 

*Levine & D'Alessio, Caitlin L. Decatur*, pro se.
*Sarah H. Murphy, John C. Parker, Debra L. Dalton, R. Dolores Daniel, McMorries, McClure, Daniel & Lundy, Jon W. McClure*, for appellees.