S91G0262. BARNETT et al. v. DECATUR et al.
S91G0263. SWAIN et al. v. DECATUR et al.
(403 SE2d 46)

WELTNER, Justice.

The Decaturs purchased a one-acre lot of land. They brought an action against their grantor and others in the chain of title claiming breach of warranty of title under OCGA § 44-5-62.[1] The Decaturs complained that, at the time of the sale, the configuration of the lot did not comply with county zoning requirements.

The Court of Appeals reversed the trial court's denial of partial summary judgment to the Decaturs as to breach of warranty of title, *Decatur v. Barnett,* 197 Ga. App. 459 (398 SE2d 706) (1990), and we granted certiorari.

1. The contract provided:

Seller warrants that he presently has title to said property, and at the time of closing, he agrees to convey good and marketable title to said property to Purchaser by general warranty deed subject only to (1) zoning ordinances affecting said property; (2) general utility, sewer, and drainage easements of record upon which the dwelling does not encroach; (3) subdivision easements and restrictions of record; and (4) leases, other easements, other restrictions and encumbrances specified in this contract.

2. We decline to extend the traditional scope of a general warranty of title in such a manner as to include zoning matters. See *Sachs v. Swartz,* 233 Ga. 99 (209 SE2d 642) (1974).[2]

---

[1] "A general warranty of title against the claims of all persons includes covenants of a right to sell, of quiet enjoyment, and of freedom from encumbrances."

[2] The stipulation here in regard to the zoning status of the property did not concern title, and [OCGA § 44-5-66] has no applicability to the case. The provision of the contract requiring written notice as to any defect in title would not require written notice as to the nonperformance of a condition of the contract having no relation to title.

There is no dispute in the evidence that all parties entered into the contract

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 11, 1991.

*Sarah H. Murphy,* for appellants (case no. S91G0262).
*John C. Parker, Debra L. Dalton,* for appellants (case no. S91G0263).
*Levine & D'Alessio, Caitlin L. Decatur,* pro se.

---

under the mistaken belief that the property was zoned for apartments. The stipulation warranting that the property was zoned for apartments was a material covenant of the contract, since the purchaser intended to build apartments on the property.

The plaintiffs agreed to sell the defendant land zoned for garden apartments. He failed to do so. A portion of the property was zoned for residential use. [Id. at 102-103.]