42463. HARRISON et al. v. GEORGIA POWER COMPANY.
(335 SE2d 389)

GREGORY, Justice.

This is the second appearance of this case in this court. See *Ga. Power Co. v. Harrison*, 253 Ga. 212 (318 SE2d 306) (1984).

In January 1952, the "Jackson heirs," appellant Harrison's predecessors in title, conveyed to Georgia Power fee simple title to land lying "on or below a contour line having an elevation of 340 feet above sea level, U. S. G. S. Datum," along with certain perpetual rights and easements in land lying "between a contour line having an elevation of 340 feet above sea level, and a contour line having an elevation of 350 feet above sea level" along Lake Sinclair in Putnam County, Georgia. This conveyance was made in order to facilitate op-

---

eration of the Lake Sinclair Hydro Development Project.

In January 1982, Georgia Power quitclaimed to W. W. Jackson all interest in "that certain clause [of the 1952 deed] as follows . . . the right, power and privilege to tear down and remove any and all buildings and any and all other improvements or erections on the land described . . . as it may affect that tract . . . of the second land district of Putnam County, lying between contour lines having an elevation of 340 and 350 feet above sea level, U. S. G. S. Datum." During 1982, Harrison purchased a lot on Lake Sinclair from the "Jackson heirs." It is not disputed that Harrison's lot is part of the tract affected by the rights and easements granted in the 1952 deed to Georgia Power.

In late 1982 Harrison constructed a wooden seawall, extending from his lot into Lake Sinclair, and backfilled the seawall with dirt. The parties agree that the seawall lies on or below the contour line having an elevation of 350 feet above sea level. Georgia Power thereafter filed suit against Harrison, seeking to require him to remove the seawall on the ground that it impedes operation of the Lake Sinclair Hydro Development Project. Georgia Power maintains the seawall interferes with the perpetual easement granted to it by the 1952 deed "to flood and flow backwater in, upon and over" the land between the contour lines having elevations of 340 and 350 feet above sea level. The trial court found in favor of Georgia Power and ordered Harrison to remove the seawall. We affirm.

Harrison maintains the January 1982 deed from Georgia Power to W. W. Jackson extinguished any rights Georgia Power had to remove buildings or other improvements between the 340 and 350 feet contour lines. Therefore, he argues, at the time he constructed his seawall, Georgia Power had divested itself of the right to require him to remove it.

The 1952 deed conveyed to Georgia Power, inter alia, perpetual rights as to the land lying between contour lines having elevations of 340 and 350 feet above sea level: (1) "to flood and flow backwater in, upon and over the land"; (2) "the right, power and privilege to tear down and remove any and all buildings and any and all improvements or erections on the land"; and (3) "if there is now present on any of the land involved, or if the undersigned . . . or their assigns plant any seed or crop upon the lands, or place upon the lands any erection, building, timber or other improvements, the company [Georgia Power] shall have the right, power and privilege to remove the same therefrom and flood and flow backwater on said lands. . . ."

The 1982 deed from Georgia Power to W. W. Jackson quitclaimed all of Georgia Power's interest in the "right, power and privilege to tear down and remove any and all buildings and any and all other improvements or erections" on land lying "between the contour

lines having an elevation of 340 and 350 feet above sea level." However, that deed expressly reserved to Georgia Power "the right to flood and backwater over and across those lands that lie between contour lines having an elevation of 340 and 350 feet above sea level." This deed also provides that any improvements made on this land must not "be incompatible with any use of the Project."

The 1952 deed clearly gave Georgia Power the rights (1) to flood the land, (2) to remove existing structures as well as an additional right (3) to remove existing and *future* structures. In the 1982 deed Georgia Power quitclaimed only the right to remove existing structures, while expressly reserving the right to flood the land. Harrison's seawall interferes with this right to flood the land, and a court of equity has the power to order Harrison to remove the structure. The trial court correctly concluded that the 1982 deed did not extinguish Georgia Power's right to flood the land, and was within its power in ordering the removal of the seawall.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 23, 1985.

*Dickens, Mangum, Burns & Moore, G. Lee Dickens, Jr.,* for appellants.
*Wallace Miller, Jr.,* for appellee.