A94A1800. STEPHENS COUNTY SOIL & WATER CONSERVATION DISTRICT v. WRIGHT BROTHERS CONSTRUCTION COMPANY, INC.
(451 SE2d 802)

SMITH, Judge.

In September 1991, Ray N. and Constance S. Rice brought suit against Wright Brothers Construction Company, Inc., for the diminution in value of a lake on the Rices' property allegedly resulting from the company's highway-building activities upriver. The Stephens County Soil & Water Conservation District (the District) filed a mo-

tion to intervene as plaintiff under OCGA § 9-11-24 in November 1993, asserting, among other things, that its interest in an easement involving the same property had been adversely affected. The Rices objected, arguing that the District has rights only in the dam which created the lake and not in the lake itself. The trial court agreed and denied the District's motion to intervene, but granted its subsequent request for a certificate of immediate review under OCGA § 5-6-34 (b). The District filed its application in this court, which was granted, and this appeal followed. We affirm the trial court, but we must reject its reasoning.

The trial court concluded that the District had no property interest in the lake and that it, for this reason, was precluded from intervening in the Rices' action against the construction company. We disagree. An easement created by agreement constitutes a property interest in the land subject to the encumbrance. *Barton v. Gammell*, 143 Ga. App. 291 (238 SE2d 445) (1977). The paramount purpose of the easement at issue was to grant the District "[t]he permanent and perpetual right, privilege, and easement to over-flow flood and store water impounded by flood-retarding structures" on the Rices' land. It is undisputed that the same accumulations of "dirt, sediment and soil" of which the Rices complain would also adversely impact the ability of the District to store water — to exercise its property interest in the land on which the lake is formed. See generally *Harrison v. Ga. Power Co.*, 255 Ga. 74 (335 SE2d 389) (1985). We agree with the District that the trial court erred in failing to acknowledge its interest in the subject matter of this dispute.

Nevertheless, the trial court properly denied the District's application to intervene in this action. Even where the applicant claims an interest in the subject matter of the litigation and no current party to the litigation adequately represents that interest, intervention under OCGA § 9-11-24 (a) (2) is proper only if the applicant "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest." The District fails to make any argument or showing whatsoever with respect to the potential of the ultimate disposition of this action to "impair or impede" its prosecution of an independent cause of action against Wright Brothers Construction Company.

Since the District has failed to make this necessary showing, we find no error. We note, however, that whether the trial court erred in failing to join the District in this action for some *other* reason is not now before us. But see OCGA §§ 9-11-19 (a) (2) (B); 9-11-24 (b) (2). We hold only that the trial court's denial of the District's motion, while proper, does not in itself preclude the District from independently pursuing any cause of action it may have against the defendant in this case.

*Judgment affirmed. McMurray, P. J., concurs. Pope, C. J., concurs specially.*

POPE, Chief Judge, concurring specially.

I agree that the District's motion to intervene as a matter of right under OCGA § 9-11-24 (a) was properly denied, and I fully concur in the majority opinion. This does not mean, however, that permissive intervention under OCGA § 9-11-24 (b) (2) would not be appropriate, as the District's claim and the main action clearly have common questions of law and fact. See *Branch v. Maxwell*, 203 Ga. App. 553 (1) (417 SE2d 176) (1992). Whether or not to grant a motion for intervention brought under OCGA § 9-11-24 (b) (2) is within the discretion of the trial court, but the trial court should keep in mind the objective of the CPA's liberal joinder rules — to join in all parties needed to resolve the whole matter in one lawsuit if possible. See *CMT Invest. Co. v. Automated Graphics &c.*, 175 Ga. App. 353 (333 SE2d 196) (1985) (Beasley, J., dissenting).

DECIDED NOVEMBER 28, 1994.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Brenda H. Cole, Cathy C. Taylor, Assistant Attorneys General,* for appellant.

*Adams, Clifton & Sanders, Alton M. Adams, Shivers, Johnson & Wilson, Wayne C. Wilson,* for appellee.