MAXIME J. DESVERGERS *et al.*, plaintiffs in error, *vs.* FRANCIS M. WILLIS, administrator, defendant in error.

That there exists a public road upon land which was known to the vendee at the time of the purchase, does not constitute a breach of a covenant of warranty against incumbrances.

Warranty.   Roads.   Before Judge TOMPKINS.   Chatham Superior Court.   May Term, 1875.

Reported in the decision.

RUFUS E. LESTER, by brief, for plaintiffs in error.

HOWELL & DENMARK, for defendant.

WARNER, Chief Justice.

The plaintiff, as the administrator of W. F. Willis, sued the defendants on a promissory note given by them to his intestate for the sum of $833 33. The defendants pleaded that the note was given for a part of the purchase money of a certain described tract of land purchased by them of the plaintiff's intestate in his lifetime, who, by his deed of conveyance of said land to them, covenanted and warranted the title thereto to be free and discharged of, and from all manner of incumbrances whatsoever. The defendants allege that said covenant was broken in this, that at the time of making said deed the said bargained premises were not free from incumbrances, but on the contrary, before the making of said deed, for a long time, there had been, and then was, and ever since

hath been, a public road running through said land, to the use of which road the public generally had at that time acquired, and have continued to exercise, this right, which defendants are unable to prevent, to their damage, $1,000 00. The jury, under the charge of the court, found a verdict for the plaintiff for the full amount of the note. The defendants made a motion for a new trial on the several grounds therein set forth, which the court overruled, and the defendants excepted.

The court charged the jury "that if the defendants knew, at the time of the purchase of the land, that there was a road existing upon it, either a public or a private road, they cannot avail themselves of the warranty against incumbrances." A general warranty of title to land against the claims of all persons includes in itself covenant of a right to sell, and of quiet enjoyment and of freedom from incumbrances : Code, section 2603. The question made by the record in this case is, whether a public road on the land, which fact was known to the purchaser at the time of his purchase, is, in this state, a breach of a covenant of warranty against incumbrances ? The decisions of the courts of this country are not uniform upon this question, but the weight of authority, we think, is that the existence of a public road on the land, known to the purchaser, is not such an incumbrance as would constitute a breach of the covenant of warranty. This view of the question is sustained by the better reason, especially as applicable to the condition of the people of this state. To hold that a public road running through a tract of land, which was known to the purchaser at the time of his purchase thereof, is such an incumbrance on, the land as would constitute a breach of a covenant of warranty against incumbrances, would produce a crop of litigation in this state that would be almost interminable. It is true that the court charged the jury if there was a private road on the land, that would not be a breach of the warranty against incumbrances, but that part of the charge did not hurt the defendants, inasmuch as they admitted in their plea that the road on the land in controversy was a public road. Whether a private road on land

would be a breach of a covenant of warranty against incumbrances, we express no opinion. The court submitted the question as to the fraudulent representations made by the vendor to the jury, and they have passed upon it. If the evidence had clearly shown that it was the intention of the parties at the time of the purchase of the land that the defendants would have the right to stop up the road, and that the warranty was made expressly. in view of that fact, it would have presented a different question. The only evidence in the record on that point is that Willis told Richards (who was Willis' agent to show the land to any one who might desire to look at it with a view to purchase,) that he might run his fence across the road, that it was only there for convenience, and that he told one of the defendants when he came to look at the land what Willis had told him, that any one purchasing the land might close up the road. In view of the evidence disclosed in the record, and the charge of the court applicable thereto, we find no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.