## 67304. SHEPHERD et al. v. HENDERSON.

McMurray, Chief Judge.

On or about August 24, 1979, Randy O. Shepherd and Joy W. Shepherd purchased a residential lot and house located at 100 Helen Drive in the City of Dublin, Laurens County, Georgia, from James T. Henderson.

On January 14, 1981, plaintiffs (the purchasers) filed a complaint for damages against the defendant, as seller, alleging basically that they did not receive free and clear the entire property as described in the warranty deed conveyed to them by the defendant. To show this, plaintiffs attached as exhibits to their complaint two different plats, one of which was referred to in the deed to secure debt (which plaintiffs took subject to at the time of the conveyance), depicting the subject property. The plat copy referred to in the deed to secure debt (Plat No. 1) shows the subject property consisting of certain dimensions noninclusive of a street referred to in the plat as Helen Circle. The other plat copy (Plat No. 2) which plaintiffs designated as Exhibit "D" and which plaintiffs claim to be the correct copy shows the subject property consisting of the same dimensions as Plat No. 1, but inclusive of a portion of a street referred to in the plat as Helen Circle. Plaintiffs contend that this portion of Helen Circle, purportedly conveyed to them by defendant, was not in fact the property of defendant because it had already been dedicated to the city as a public street. As such, plaintiffs contend that they actually received less land than was described in the warranty deed conveyed to them by the defendant. Due to this alleged deficiency, plaintiffs claim that they were damaged in the amount of $15,000.

Defendant denied that plaintiffs were damaged in any amount and moved for a summary judgment. The trial court, after a hearing, granted summary judgment in favor of defendant and against plaintiffs. From this order plaintiffs appeal. *Held:*

In their sole enumeration of error plaintiffs contend the trial court erred by granting defendant's motion for summary judgment because a genuine issue as to a material fact still exists. As such, plaintiffs contend that their suit for damages should have been submitted to a jury. Plaintiffs' contention is without merit.

In *Wooten v. Solomon,* 139 Ga. 433 (1), 435 (77 SE 375), where the descriptive averments of a deed and a plat attached thereto were different, it was held: "The plat is not given by way of more particular description, but as a pictorial representation of what has been described. It is not intended to conflict with the written description, and should not be so considered. But if the plat conflicts with the previous particular description, the lot must be located according to

the particular description. Where a deed describes the lot conveyed by metes and bounds and refers to a plat as representing them, the reference is not to enlarge or diminish the effect of the descriptive words of the conveyance, but to give them efficacy, and the operative words are found in the deed itself." See also *Harris v. Hull,* 70 Ga. 831 (1); *Thompson v. Hill,* 137 Ga. 308 (1), 310-316 (73 SE 640); and *Copeland v. Carpenter,* 206 Ga. 822, 824 (4) (59 SE2d 245), and citations.

Here, the contention was made that there was a conflict in the deed between the descriptive words and the plat and that the plat referred to in the deed to secure debt was wrong. Assuming this to be the case, as plaintiffs contend, the lot must be located according to the particular written description contained in the deed (see *Wooten v. Solomon,* supra at p. 435), and the plaintiffs are bound by this particular description regardless of what is depicted in the plat. Thus, the plaintiffs knew or at least should have known by the descriptive clause in the deed of the existence of Helen Circle (the paved street which plaintiffs claim to be a public road) upon their land. As such, the rule controls as laid down by the Supreme Court of Georgia in *Desvergers v. Willis,* 56 Ga. 515, 516, which holds that "the existence of a public road on the land, known to the purchaser [or which should have been known to the purchaser], is not such an incumbrance as would constitute a breach of the covenant of warranty."

Moreover, the evidence in the record reflects that, at the time of the conveyance, plaintiffs received and went into possession of the property located at 100 Helen Drive. In fact, plaintiff (Mrs. Shepherd) testified that she had seen the subject property prior to purchasing in 1979 and that she had received basically what she thought she was supposed to have received. Plaintiff (Mr. Shepherd) testified that he had walked around the yard of the subject property prior to the purchase and that at the time of the conveyance, as far as he knew, the grassed area was all that he was getting. It was not until after the closing that Mr. Shepherd found out (due to the discrepancy between the two plats) that he was allegedly entitled to a portion of Helen Circle in order to obtain the frontage on Helen Drive (109 feet) described. However, there is no evidence in the record of any breach of warranty of title, or misrepresentation or fraud on the part of the defendant. The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 9, 1984.

*H. Dale Thompson,* for appellants.
*Johnny W. Warren,* for appellee.