A93A1744. SMITH et al. v. TOLBERT et al.
(438 SE2d 655)

BLACKBURN, Judge.

Appellants Mark A. Smith and Michael Miller (collectively referred to as the purchasers) appeal the trial court's order granting the renewed motion for summary judgment filed by defendants Ben Tolbert and Louise Tolbert (collectively referred to as the sellers). Additionally, the purchasers enumerate as error the trial court's de-

nial of their motion for summary judgment.

In the underlying action, the purchasers sought damages from the sellers based on the sellers' alleged breach of the general warranty deed used to convey commercial real property to the purchasers. The property consists of an approximately 100-year-old, two-story commercial building located on the corner of Elizabeth Way and Canton Street in the City of Roswell (Roswell). A gravel driveway and parking area (the alley) are located behind all of the buildings fronting Elizabeth Way. The property description found in the warranty deed encompasses the alley and specifically notes the gravel driveway. The purchasers assert that Roswell has made a claim for fee simple title to the alley. The purchasers further claim that the sellers are obligated to warrant and forever defend the right and title to the subject property against Roswell's claims. The sellers refused to defend the purchasers' title against Roswell and moved for summary judgment based on the purchasers' knowledge of the alley's existence and its use by the general public at the time of the sale.

The purchasers admit that they were aware of the existence of the alley and that certain individuals used the alley for ingress, egress and parking. Although the purchasers do not admit that the property behind their building is an alley, contending that it could just as easily have been called the "vacant property," we do not agree. Webster's Dictionary defines an alley as "a narrow street or walk; [specifically], a lane behind a row of buildings or between two rows of buildings that face on adjacent streets." The pictures in the record leave no doubt that the disputed portion of the property is an alley.

Next, the purchasers argue that they thought the alley was a "private way" rather than a "public alley." This assumption is not supported by the facts or the law. The record is replete with evidence of the purchasers' knowledge of the public's use of the alley. Roswell exhibited open and obvious control over the alley; it regraded the alley, cut the grass in the alley and picked up the trash from the alley. The public openly and obviously used the alley for approximately 100 years in order to park their carriages or vehicles while shopping at the businesses on Elizabeth Way and Canton Street. Furthermore, an alley is deemed a public way unless specifically noted as private. *Moon v. Jones*, 101 Ga. App. 79, 80 (113 SE2d 159) (1960).

The purchasers' warranty claims against the sellers fail because "the existence of a public road on the land, known to the purchaser or which should have been known to the purchaser, is not such an incumbrance as would constitute a breach of the covenant of warranty." (Punctuation omitted.) *Shepherd v. Henderson*, 169 Ga. App. 486, 487 (313 SE2d 503) (1984) quoting *Desvergers v. Willis*, 56 Ga. 515, 516 (1876).

The purchasers had a duty to determine the interest possessed by

those occupying or using the property at the time of the sale. Purchasers failed to make inquiry as to such interest with undisputed knowledge of the public use of the subject property.

Additionally, the purchasers waived any warranty claims by virtue of their knowledge of the alley prior to the closing and their failure to list it in their list of items to be cured upon completion of the title search. The parties entered an agreement for the sale and purchase of real property which required that exceptions to title, such as "easements or rights of way," be waived unless included on a list of items to be cured prior to closing. The purchasers do not dispute that their title search uncovered an express exception to title in the last three deeds. The exception read: "Subject to the rights of all persons, if any, in and to the alley way across the northern portion of the aforesaid property." Therefore, the purchasers' failure to make any objection prior to closing conclusively waived any breach regarding title to the alley.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 22, 1993 —
RECONSIDERATION DENIED DECEMBER 1, 1993 — 

*Mark A. Smith III*, for appellants.
*Campbell & Dreger, Richard J. Dreger, Polatty & Sullivan, George J. Polatty, Jr., Michael E. Sullivan*, for appellees.

