A95A0741. ROBERTS v. MALU CONSTRUCTION, INC.
(458 SE2d 146)

McMURRAY, Presiding Judge.

Plaintiff Joyce Roberts brought this action against defendant MALU Construction, Inc. ("MALU") seeking to rescind her contract to purchase real property from MALU "due to [a] latent defect in the lot, [namely] the existence of a drainage easement that did not appear upon the subdivision plat." A separate count sought money damages due to the alleged fraud of MALU for its "intentional concealment and misrepresentations. . . ." MALU denied the material allegations but admitted to the following material facts: In May 1990, plaintiff (and her then-husband) agreed to purchase from MALU Lot 17 as shown by plat of record in a residential subdivision MALU was developing. However, pursuant to a mutual agreement, on November 4, 1991, plaintiff reconveyed Lot 17 to MALU, and MALU executed a cancellation of the security deed thereon. At the same time, MALU executed a warranty deed to plaintiff for Lot 11 in the same subdivision, and plaintiff executed a warranty deed to secure debt in the principal amount of $5,504.57, i.e., the balance due pursuant to the original purchase agreement for Lot 17. MALU represented to plaintiff that "Lot 11, like Lot 17, was suitable for the construction of a single family dwelling," and that the lots conveyed were "lots upon which the authorities of Whitfield County[, Georgia,] would permit the construction of single family dwellings." The lots are not served by any governmental sewer service, and each lot requires the installation of a septic system for each residential dwelling. On August 25, 1992, MALU cancelled the security deed on Lot 11 because the amount secured had been paid in full. Meanwhile, plaintiff began negotiations with Southland Homes Corporation to construct a residence on Lot 11. In November 1992, plaintiff secured a construction loan and also obtained a construction permit and site approval for an on-site sewage management system (septic tank) on Lot 11. In Janu-

ary 1993, Southland Homes began clearing and grading Lot 11. The grading contractor soon discovered that the bulldozer was uncovering areas of wet soil. Although MALU denied that its president, Michael L. Cline, advised plaintiff that she should not notify the Whitfield County Department of Health, it admitted that plaintiff "was advised by the Whitfield County Health Department that the authority to install a septic tank on Lot 11 was revoked due to the discovery of a drainage easement directing water through the middle of the lot." MALU also admitted that the " 'drainage pipe' directing water onto Lot 11 . . . '[does not appear] of record on [the subdivision plat or] any document available to plaintiff.' " When plaintiff informed MALU that she thought "her lot was unsuitable for building a residence thereon[ . . . MALU] proposed to replace lot 11 with one of two lots remaining in [the] subdivision." Neither remaining lot appealed to plaintiff, and she announced her intention to rescind.

The case was tried before a jury. At the close of the evidence, the trial court directed a verdict against plaintiff on the issue of defendant's alleged breach of warranty of title. Thereafter, the jury considered special verdicts for rescission and fraud and found for defendant. Plaintiff's motion for new trial was denied. From the judgment entered on the verdicts as found by the jury and directed by the trial court, this appeal followed. *Held*:

1. Plaintiff first contends the trial court erred in denying her pretrial motion for summary judgment, arguing that the "facts admitted in the pleadings alone were sufficient to authorize a rescission by the plaintiff." However, once a case has been submitted to the jury and a judgment rendered on its verdict, the denial of a summary judgment motion is a moot issue. *White v. Lance H. Herndon, Inc.*, 203 Ga. App. 580 (1) (417 SE2d 383). See also *R. T. Patterson Funeral Home v. Head*, 215 Ga. App. 578, 581 (1) (a) (451 SE2d 812) (physical precedent). This enumeration presents nothing for appellate review. OCGA § 5-6-48 (b) (3).

2. In the warranty deed given to plaintiff by MALU as grantor, MALU promised to "*WARRANT* and *DEFEND* all right, title and interest in and to the said premises and the quiet and peaceable possession thereof, . . . against all acts and deeds of the said Grantor, and all and every person or persons whomsoever lawfully claiming or to claim the same." In her second enumeration, plaintiff contends the trial court erred in directing a verdict as to the issue of whether there was a violation of the warranty deed. In this regard, plaintiff argues that the jury should have been allowed to determine whether defendant's "installation of the drainage pipe and direction of surface waters across plaintiff's land . . . [constituted] a violation of defendant's duties as grantor not to interfere with plaintiff's peaceful use and possession of her land."

"A general warranty of title against the claims of all persons includes covenants of a right to sell, of quiet enjoyment, and of freedom from encumbrances." OCGA § 44-5-62. "On a covenant for quiet possession, loss of possession [has] to be shown." *Cheatham v. Palmer*, 176 Ga. 227, 235 (167 SE 522). In the case sub judice, there is no evidence of an eviction, actual or constructive, to support this theory of recovery. Moreover, "[t]he record reveals no evidence, direct or indirect, that [plaintiff] ever discharged an alleged encumbrance or acquired an outstanding paramount title that was about to be enforced against [her as would support a claim for breach of the covenant against encumbrances]." *Hitchcock v. Tollison*, 213 Ga. App. 477, 478 (2), 480 (444 SE2d 844). Consequently, in the case sub judice, the trial court correctly granted MALU's motion for directed verdict on that claim for breach of covenant under the general warranty deed executed by MALU as grantor. OCGA § 9-11-50 (a).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MAY 19, 1995 —
RECONSIDERATION DENIED JUNE 7, 1995 —

*David T. Blackburn*, for appellant.
*Kinney, Kemp, Pickell, Sponcler & Joiner, Mathew D. Thames*, for appellee.

