A97A1246. RICHITT v. SOUTHERN PINE PLANTATIONS, INC.
(491 SE2d 528)

ANDREWS, Chief Judge.

James Richitt appeals from the trial court's grant of Southern Pine Plantations' (Southern Pine's) motion for summary judgment and denial of his motion for partial summary judgment. Richitt claims there are issues of material fact as to whether he should have known the road running through his property was a public road. We disagree and affirm the judgment of the trial court.

The underlying facts in this case are undisputed. On October 30, 1985, Richitt bought two lots totaling 5.43 acres from Southern Pine in a new development called Wesleyan Hills Subdivision. A title search prior to closing did not show any cloud on the title, nor did it show the existence of a public road on the property. Southern Pine also was not aware of the existence of the public road.

Richitt knew there was a dirt road that was still used, and he attempted to block the public's access to his property by putting a gate up across the road. A short time later, county officials informed him that this was a public roadway and he could not block it.

Richitt filed suit to quiet title, and the special master determined that the roadway in question was Old Benton Road, a public county road, and Richitt's title to the property was subject to the rights of the county and the members of the public in and to the use of this right-of-way. Richitt then filed this case against Southern Pine for breach of warranty of title under OCGA § 44-5-62. The trial court granted summary judgment to Southern Pine, finding that Richitt knew about the road and knew the road was being used before he closed on the property. Therefore, this knowledge of the public road defeated his claim for breach of warranty of title. This appeal followed.

Both parties agree that if the purchaser knew or should have

known of the existence of a public roadway as an encumbrance on the property, it would defeat a claim for breach of warranty of title. *Desvergers v. Willis*, 56 Ga. 515 (1876); *Smith v. Tolbert*, 211 Ga. App. 175 (438 SE2d 655) (1993).

Richitt argues the trial court erred in finding he knew or should have known of the existence of the public road because no one ever disclosed the existence of a public road on the property and none of the title searches revealed any problem with the property. He contends that when he inspected the property there were no paved roads, only a narrow, dirt path.

In *Smith*, supra, relied on by the trial court, the purchasers bought a two-story commercial building in the city of Roswell. The building had a gravel driveway and an alley behind the building for parking. The city claimed title to the alley, and the purchasers brought a breach of warranty of title claim against the sellers. The purchasers claimed they thought the alley was a "private way." Id. at 176. This Court found that the purchasers had knowledge of the alley's existence and therefore had a duty to determine the interest possessed by those using the alley. Id. at 176-177.

Likewise, in this case, Richitt had knowledge of the road and knew the road was still being used. Richitt testified at his deposition that when he first looked at the property he was concerned because "there was a road going through there, and I had made a statement to Jim about would there be any problem with that pig path of a road. And I was, it was very obvious that people had went down there, and I knew that if people had used some property like that sometimes it was hard to get it squared away." Richitt also stated that the first time he saw the property he could tell it was used.

Although there are no pictures of the road in question included with the record, it must have been more than a path through the woods because Richitt testified that someone brought "18-wheelers" down the road as part of a logging operation. Moreover, the special master found that the county made substantial improvements and repairs to the road in 1983 so dump trucks could haul dirt from a tract of land located on the road.

Accordingly, Richitt was on notice that the road existed and that it was used; therefore, he was under a duty to inquire about the interest possessed by those using it. Richitt failed to do so, and consequently, the trial court did not err in determining that his warranty claims against Southern Pine must fail. *Desvergers*, supra; *Smith*, supra.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 2, 1997.

·*G. E. Bo Adams, Edwin S. Varner, Jr.*, for appellant.
*Martin, Snow, Grant & Napier, William H. Larsen, Thomas P. Allen III*, for appellee.