A00A0050. HOOD et al. v. SPRUILL.
(528 SE2d 565)

ELDRIDGE, Judge.

Plaintiffs-appellants Leontina and Alfred Hood appeal from (1) the trial court's grant of summary judgment to defendant-appellee Hugh Spruill in their action for breach of a general warranty deed guaranteeing good title to purchased property and (2) the trial court's subsequent denial of their cross-motion for summary judgment thereon.

The Hoods purchased from Spruill approximately an acre of vacant land on the corner of East Cobb Drive and Johnson Ferry Road in Cobb County in order to build a Eurocar repair shop. The property contains a 50-foot-wide roadway easement with a paved road known as Five Points Lane running down the middle. The easement bifurcates the property from East Cobb Drive to Johnson Ferry Road and provides public access to both Johnson Ferry Road and Roswell Road. After purchase and the start of construction on the car repair facility, the Hoods were sued by an existing business owner when the construction encroached upon the easement and restricted public access to the road. The Hoods then filed suit against Spruill alleging breach of a general warranty deed conveyed at closing which guaranteed title to the property "against the lawful claims of all persons whomsoever." The trial court granted Spruill's motion for summary judgment and denied the Hoods' cross-motion. The Hoods appeal. *Held*:

1. (a) Contrary to the Hoods' assertions, the roadway easement at issue here is a right-of-way over private land for public use. OCGA § 32-1-3 (25). While the roadway easement is described in various ways in the documents of record before this Court, use is the determinative factor in designating it as "private" or "public." In that regard,

it is undisputed that "[t]he private drive, known as Five Points Lane, indicated on the attached plat was used as a public roadway for cars to access Johnson Ferry Road and all of the business entities on East Cobb Drive." As such, Five Points Lane is a public roadway "open to the public and intended or used for its enjoyment and for the passage of vehicles." OCGA § 32-1-3 (24).[1] Five Points Lane is traversed by the general public and is not for use by only one or more specified individuals. See OCGA § 32-1-3 (21).

(b) The uncontradicted evidence of record shows that the Hoods admitted they knew about the public roadway easement at the time they entered into the purchase agreement. The purchase agreement, itself, states that the tract is "inclusive of an easement for transit across the property as shown on the exhibits and is *acknowledged by purchaser*." (Emphasis supplied.) The plat, which was one of the "exhibits" referenced above, specifically shows the easement as 50.89 feet wide. A Senior Associate with C. B. Richard Ellis, broker for the sellers, provided affidavit testimony that the Hoods had with them at the closing their broker, their attorney, and a title insurance agent representing their interests. The broker testified that "[t]he title insurance representative took approximately twenty (20) minutes to show the Hoods all the easements on the property" and that there "was a fifty (50) foot wide easement and that it must remain open for public ingress and egress." This testimony went uncontradicted.

It has long been the law that "[t]he existence of a public road on the land, known to the purchaser, is not such an incumbrance as would constitute a breach of the covenant of warranty." *Desvergers v. Willis*, 56 Ga. 515, 516 (1876). See also *Shepherd v. Henderson*, 169 Ga. App. 486, 487 (313 SE2d 503) (1984); *Smith v. Tolbert*, 211 Ga. App. 175 (438 SE2d 655) (1993); *Richitt v. Southern Pine Plantations*, 228 Ga. App. 333 (491 SE2d 528) (1997).

> To hold that a public road running through a tract of land, which was known to the purchaser at the time of his purchase thereof, is such an incumbrance on the land as would constitute a breach of a covenant of warranty against incumbrances, would produce a crop of litigation in this state that would be almost interminable.

*Desvergers v. Willis*, supra at 516.[2] Since the uncontradicted evidence

---

[1] The roadway easement is also described in public records as "a non-exclusive easement appurtenant for ingress and egress for pedestrian and vehicular traffic and utility purposes over, on, and across the property."

[2] Because a public road easement running through a tract of land falls outside a general warranty of title against encumbrances, there is no discrepancy between OCGA § 44-5-63

of record shows that the Hoods knew prior to purchase about the public roadway easement running through the property, the trial court did not err in granting summary judgment to Spruill on the Hoods' complaint for breach of the general warranty deed conveyed at purchase.

(c) The Hoods contend that even if they were aware at the time of purchase that there was a public roadway easement, they did not know it was 50 feet wide. However, the Hoods' failure to ascertain the exact dimensions of the public roadway easement that they knew existed provides no basis for a claim against Spruill, the seller. The plat which was available at closing shows the dimensions of the roadway easement as 50.89 feet wide, and there is no evidence — or contention — that Spruill attempted to hide this fact.

(d) The purchase agreement specified that the property was to be taken subject to the roadway easement.[3] The purchase agreement also contained a clause stating as follows:

> Purchaser shall have a period of Seven Days (7) days from and after the date of this Agreement in which to examine title to the Property and to furnish Seller with a written statement of objections to the title to the Property, if any, other than (i) licenses and easements, if any, for public utilities serving only the Property and (ii) liens for ad valorem taxes not yet due and payable.

The Hoods filed no objections to title. They did not object to the fact that the roadway easement was 50 feet wide. "[T]he purchasers waived any warranty claims by virtue of their knowledge of the [roadway easement] prior to the closing and their failure to list it in their list of items to be cured upon completion of the title search." *Smith v. Tolbert*, supra at 177.

2. Based on our decision in Division 1, we find no error in the trial court's denial of the Hoods' cross-motion for summary judgment. Accordingly, the Hoods' remaining claims of error are without merit.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

and our decisions in *Smith v. Tolbert*, supra, and *Richitt v. Southern Pine Plantations*, supra, as the Hoods suggest.

[3] Contrary to the Hoods' contention, nothing in this case implicates the "merger rule," i.e., "that prior stipulations of a contract to convey property are merged in the final and formal contract." (Citation and emphasis omitted.) *Holmes v. Worthey*, 159 Ga. App. 262, 266 (282 SE2d 919) (1981). Further, since a public road easement falls outside a general warranty of title, there is no contradiction between the purchase agreement in this case and the warranty deed — executed at the same time — that would implicate "merger."

DECIDED JANUARY 21, 2000.

*Mottern, Fisher & Rosenthal, Robert J. Mottern*, for appellants.
*Weinstock & Scavo, Louis R. Cohan*, for appellee.