A01A2242. MYERS v. FUNDERBURK.
(564 SE2d 27)

PHIPPS, Judge.

Gene Funderburk purchased real property from Hamp Myers by general warranty deed. The property was later forfeited to the United States due to criminal activity by the person from whom Myers obtained title. After an unsuccessful challenge to the government's adverse claim, Funderburk sued Myers, alleging breach of warranty of title and fraud in the conveyance. The trial court granted Funderburk summary judgment, finding breach of warranty of title and awarding him the purchase price plus interest. Myers appeals, complaining that Funderburk knew before he purchased the property that it was subject to forfeiture and that Funderburk did not give him notice and opportunity to defend the title in the federal proceedings. Myers, however, has demonstrated no basis for reversal. We affirm.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

The following facts are not disputed. In May 1998, James Langford, who owned the property located in Jackson County, was charged with drug crimes. Forfeiture of the property was sought pursuant to 21 USC § 853. The next month Langford transferred the property by a quitclaim deed to his father-in-law, Myers. Langford was convicted, and as part of his sentence imposed on January 15, 1999, the court ordered him to forfeit the property. Myers sold the property to Funderburk by a warranty deed on January 21, 1999. On January 29, 1999, the United States District Court for the Northern District of Georgia entered a preliminary order of forfeiture of the property.

Pursuant to 21 USC § 853 (n), a third party may defeat the government's claim to forfeited property by either (1) demonstrating that he was a bona fide purchaser of the property, that is, one who

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

purchased the property for value and reasonably without any cause to believe that the property was subject to forfeiture, or (2) establishing that his own interest is superior to the defendant's interest.[3] Funderburk challenged the forfeiture proceedings by laying claim to the property in the federal district court. The court determined that he failed to demonstrate that he was a bona fide purchaser since he had actual notice that the property was subject to forfeiture because he had attended Langford's trial and Langford's wife had told him that the government was trying to take the property. The court also determined that Funderburk failed to establish that his interest was superior to Langford's. The court denied Funderburk's claims, and the United States thereafter filed in the county records a notice of transfer of title from Funderburk to the United States.

Unsuccessful in his challenge to the government's claim to the property in federal court, Funderburk sued Myers. The parties filed cross-motions for summary judgment. The trial court denied Myers's motion and granted Funderburk's, based upon its finding of breach of warranty of title.

1. Myers contends that the trial court improperly granted summary judgment to Funderburk on the claim of breach of warranty of title because Funderburk knew before he purchased the property that it was subject to forfeiture and Myers had no notice and opportunity to defend the title in the federal proceedings.

The warranty deed contained Myers's promise to "warrant and forever defend the right and title to the [property] unto [Funderburk], his heirs and assigns, against the lawful claims of all persons whomsoever." Although Myers complains that Funderburk knew that the property was subject to forfeiture, it has long been settled that "[i]n a deed, a general warranty of title against the claims of all persons covers defects in the title even if they are known to the purchaser at the time he takes the deed."[4] Thus, the fact that Funderburk knew that the property was subject to forfeiture did not defeat his breach of warranty of title claim.

Nor was the breach of warranty of title claim defeated by Myers's complaint that he had no notice of the federal proceedings wherein Funderburk sought to clear title in his name. Myers urges that a warrantee must notify a warrantor of a suit subjecting the warrantee to ouster from the property to give the warrantor the opportunity to defend title. He contends that because Funderburk did not notify him of his challenge in federal court to the government's adverse claim, the breach of warranty of title claim fails. As support for his conten-

---

[3] See *United States v. Jimerson*, 5 F3d 1453, 1455 (11th Cir. 1993).
[4] OCGA § 44-5-63.

tion, Myers cites *Gragg v. Richardson*,[5] *Clements v. Collins*,[6] *Haines v. Fort*,[7] *Osburn v. Pritchard*,[8] and *Cook v. Pollard*.[9] With the exception of *Cook v. Pollard*, which concerns the sale of personalty, those cases stand for the proposition that to prove a breach of warranty of title, the plaintiff must show either that he yielded possession in consequence of legal proceedings, of which the warrantor had notice and an opportunity to defend, or that he was evicted under an outstanding paramount title or superior lien upon the land.[10] While Myers complains that he had no notice of the federal proceedings, he does not dispute that the government's title was paramount to that which Funderburk derived from him.[11] Consequently, Myers's argument fails.

2. We do not reach Myers's contention regarding a claim of money had and received as the trial court did not grant summary judgment on that basis.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 13, 2002 —
RECONSIDERATION DENIED APRIL 9, 2002 — 

*Jerry C. Carter, Jr.*, for appellant.
*Troy R. Millikan*, for appellee.

---

[5] 25 Ga. 566 (1858).
[6] 59 Ga. 124 (1877).
[7] 93 Ga. 24 (18 SE 994) (1893).
[8] 104 Ga. 145 (30 SE 656) (1898).
[9] 50 Ga. App. 752 (179 SE 264) (1935).
[10] See *Gragg*, supra at 570; *Clements*, supra at 126 (1); *Haines*, supra at 28 (3); *Osburn*, supra at 146 (2); see also OCGA § 44-5-64 ("[i]n actions for breach of warranty of title, the burden of proof is on the plaintiff except in cases where outstanding encumbrances have been paid off or possession has been yielded as a consequence of legal proceedings of which the warrantor had notice and an opportunity to defend").
[11] See 21 USC § 853 (c) (forfeited property vests in the United States upon the commission of the act giving rise to the forfeiture).