## A03A0304. WHITED et al. v. ISSENBERG.
### (584 SE2d 59)

MILLER, Judge.

Mark Issenberg sued Roy Lee Whited and James Whited for breach of warranty of title to real property purchased from the Whiteds. The trial court granted Issenberg's motion for summary judgment after considering all of the evidence, including a title letter which gave notice of a defect in the title, and ordered that Issenberg be reimbursed the purchase price. The Whiteds appeal. As there is no evidence that Issenberg was either actually or constructively evicted, we reverse.

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c). We review an appeal from the grant of summary judgment de novo, and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence showed that on July 1, 1999, the Whiteds executed a warranty deed to convey certain real property to Issenberg. The deed conveyed the property to Issenberg

> TO HAVE AND TO HOLD the said described premises to Grantee, so that neither Grantors nor any person or persons claiming under Grantors shall at any time, by any means or ways, have, claim or demand right or title to said premises or appurtenances, or any rights thereof. And the parties of the first part, for their heirs, successors and assigns, and all and every person or persons shall and will warrant and forever defend by virtue of these presents.

Sometime after the conveyance, Issenberg employed an attorney to conduct a title examination on the property. Issenberg received a letter dated October 25, 1999, from a certified public accountant at an accounting firm, informing him that the property was not owned by the Whiteds, and that an effort would be made to ensure "that the tax assessor's and tax collector's records conform to the actual ownership." The letter concluded by thanking Issenberg for calling the matter to the firm's attention, and by wishing Issenberg success in recovering the money paid for the property. Attached to the letter was a property report from a title agency stating that the property was vested in another party. Issenberg demanded that the Whiteds quiet title, and when they failed to do so, he filed suit.

In an action for breach of warranty of title, "the burden of proof is on the plaintiff except in cases where outstanding encumbrances

have been paid off or possession has been yielded as a consequence of legal proceedings of which the warrantor had notice and an opportunity to defend." OCGA § 44-5-64. "[T]o constitute a breach of the covenant of warranty, or for quiet enjoyment, an eviction or equivalent disturbance by title paramount *must* occur, and . . . the mere existence of an outstanding paramount title will not constitute a breach." (Citations and punctuation omitted; emphasis supplied.) *Hitchcock v. Tollison*, 213 Ga. App. 477, 479 (2) (444 SE2d 844) (1994) (physical precedent only); *Roberts v. Malu Constr.*, 217 Ga. App. 551, 553 (2) (458 SE2d 146) (1995).

Issenberg argues that he was constructively evicted from the property by the October 25 letter from the CPA stating that the CPA would ensure that the tax records conform to the actual ownership. He also urges that the letter was sent by a representative of the record title holder of the subject property. However, we see nothing in the letter indicating that it was sent on behalf of the record title holder. The letter is not a claim to the property and does no more than put Issenberg on notice of an outstanding title.

> Evidence tending to show the existence of an outstanding paramount title, at the date of the warranty sued upon, is wholly insufficient to show a breach of the warranty, unless accompanied by proof that the plaintiff, or someone claiming under him, has been compelled to yield to such title, or that he is in a situation requiring him to do so presently, as a matter of legal duty.

(Citation and punctuation omitted.) *Akins v. Jones*, 164 Ga. App. 705, 706 (2) (297 SE2d 341) (1982); compare *Myers v. Funderburk*, 254 Ga. App. 779, 780-781 (1) (564 SE2d 27) (2002) (breach of warranty of title where property was subject to forfeiture). Therefore, as the evidence fails to show that Issenberg had been compelled to yield to an outstanding paramount title, the trial court erred in granting summary judgment in his favor, and we are constrained to reverse. See *Akins*, supra, 164 Ga. App. at 706 (2).

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 19, 2003.

*G. Martin Adcock*, for appellants.
*Franklin & Franklin, James D. Franklin*, for appellee.