## A03A1077. ADAMS et al. v. BELOTE et al.
### (588 SE2d 827)

ANDREWS, Presiding Judge.

Jeffery S. Adams, his mother, LuAnn Adams, and sister, Betty Adams (Clegg) (sellers) appeal from the trial court's denial of their motion for new trial following a bench trial on Michael Belote and Minter Naval Stores, Inc.'s complaint seeking reformation of a warranty deed, monetary damages for breach of warranty, and, alternatively, unjust enrichment.[1] The trial court declined to reform the deed at issue, awarded breach of warranty damages regarding twenty acres described in the warranty deed, but which sellers did not own, and awarded unjust enrichment damages regarding ten acres which the parties intended to include, but were not included in the warranty deed and which sellers did not own.

"The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them." (Punctuation omitted.) *Vance v. Jackson,* 233 Ga. App. 480, 481 (1) (504 SE2d 529) (1998).

Viewing the evidence with all inferences in favor of the factfinder's conclusions, it was that, on April 20, 2000, the sellers and Belote entered into a Real Estate Option giving Belote the right to purchase 300 acres, more or less, described in the Option. The 300 acres referred to included an approximately 30-acre triangular tract shown on Tax Map 17 as Parcel 17. Belote had approached Jeffery Adams about the property after seeing Adams' ad in a local newspaper. Sellers acknowledge the ad included these 30 acres. Jeffery Adams showed the property to Belote and indicated that it included the triangular 30-acre tract, which he believed he and his mother and sister owned. This belief was based on a deed into the sellers' predecessor in title which described that 30-acre tract.

Prior to closing, Belote went and checked the tax assessor's map regarding the 30-acre tract, and according to him, "it appeared from the tax assessor's map that they *may* not own this property." (Emphasis supplied.) As a result, Belote forwarded a note to Adams, his attorney, who was doing the title check, advising him of his concerns.

---

[1] This appeal was filed in the Supreme Court, which transferred it here on the basis that the grant or denial of any equitable relief was based on the trial court's resolution of the legal issues involved and that "the assertion of a claim based on unjust enrichment does not, in and of itself, invoke this Court's equity jurisdiction."

Adams did not discover, during his title search, that the 30-acre triangular tract had previously been transferred by the sellers' predecessor in title and the sellers did not, in fact, own that tract. Adams erroneously concluded the 30 acres was titled in sellers.

On April 27, 2000, the sellers executed a warranty deed, prepared by Adams, to Belote which stated that it was conveying the 300 acres which were the subject of the Option. The purchase price was $184,000, of which $75,000 was paid at closing to cancel the sellers' indebtedness secured by the property. The balance of $107,771.83 was divided among the sellers. Sellers believed that, by executing and delivering the warranty deed, they had conveyed the 30-acre triangular tract and the purchase price included this property and Belote believed he had purchased those 30 acres.

The warranty deed included the following statement:

AND THE SAID GRANTOR, for himself, his heirs, executors and administration, will warrant and forever defend the right and title to the above-described property, unto the said GRANTEE, his heirs and assigns, against the lawful claims of all persons.

Following the closing, Belote transferred and assigned the property to Minter Naval Stores, Inc., his wholly owned corporation.

As stated above, the warranty deed omitted from its description ten acres of the thirty-acre triangular tract and included the twenty acres which sellers did not own.

Belote's complaint originally sought to have the warranty deed reformed to include the ten acres omitted from the description of the thirty-acre triangular tract and for monetary damages for the breach of warranty, as reformed, regarding the thirty acres. It was later amended to seek, in the alternative, recovery of monetary damages for unjust enrichment for the purchase price paid for the acres not deeded to him.

1. Sellers claim the trial court erred in not finding that Belote's "prior actual and constructive knowledge" that sellers did not have title to the 30 acres barred Belote's recovery.

Initially, we note that the record does not show actual knowledge of Belote, only a question based on a tax deed which he referred to his attorney and which his attorney erroneously advised him was not a problem.[2]

---

[2] An attorney's negligence is not a defense to a breach of warranty action. See *Crowley v. Trust Co. Bank*, 219 Ga. App. 531, 532 (466 SE2d 24) (1995) (physical precedent), citing *McDow v. Dixon*, 138 Ga. App. 338, 339 (226 SE2d 145) (1976); Hinkel, Pindar's Ga. Real Estate Law, § 19-173 (5th ed.).

It is correct, as argued by sellers, that

> [i]t has long been the law that "the existence of a public road on the land, known to the purchaser, is not such an incumbrance as would constitute a breach of the covenant of warranty." *Desvergers v. Willis*, 56 Ga. 515, 516 (1876). See also *Shepherd v. Henderson*, 169 Ga. App. 486, 487 (313 SE2d 503) (1984); *Smith v. Tolbert*, 211 Ga. App. 175 (438 SE2d 655) (1993); *Richitt v. Southern Pine Plantations*, 228 Ga. App. 333 (491 SE2d 528) (1997).

*Hood v. Spruill*, 242 Ga. App. 44, 45 (1) (b) (528 SE2d 565) (2000). This, however, is an exception to the general rule stated in OCGA § 44-5-63 that "[i]n a deed, a general warranty of title against the claims of all persons covers defects in the title *even if they are known to the purchaser at the time he takes the deed*." (Emphasis supplied.)

Sellers also argue that, because Belote sought relief in equity to reform the warranty deed, they are entitled to assert the equitable defense provided in OCGA § 23-1-17.[3] This claim, however, was denied by the trial court. Sellers cite no authority, and we are aware of none, that would make such an equitable defense available to a legal cause of action.

2. In their second enumeration, sellers argue that the trial court erred in not finding that the breach of warranty claim was "limited to the terms and property described in the Warranty Deed" as originally executed.

As set out above, however, the warranty deed *did* purport to transfer 20 acres of the 30-acre triangular parcel to which sellers had no title, and the trial court's relief on the breach of warranty claim was limited to these 20 acres. There was no error.

3. Sellers also contend that a clause in the Option agreement precluded any recovery by Belote except the return of the $1,000 paid for the Option.

The Option provided that

> [f]irst party [(sellers)] obligates and agrees to convey said real estate in fee simple, and if in the opinion of counsel for second party [(Belote)], he cannot do so, then second party will be authorized to decline to exercise this option, and will be entitled to a refund of the $1,000.00 paid. On the other hand, if the first party can execute fee simple title within

---

[3] "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led."

the time stated, and second party declines to exercise this option by the purchase of this real estate, then in that event second party shall have no right to refund or return of the $1,000.00 paid.

It is distinctly understood that if it develops that first party cannot make fee simple title to said real estate there shall be no liability on the party of the first party beyond the return of the $1,000.00 paid.

By its own terms, however, these provisions do not apply, because Belote's attorney opined sellers had title, Belote did exercise the Option, and the closing occurred, at which fee simple title to all but 20 acres referred to in the Option was transferred.

Even if the second paragraph qualified as a liquidated damages provision,[4] it is apparent it was intended for breach of the Option contract, not the breach of warranty provision contained in the deed as argued by sellers.

There was no error in this regard.

4. In their fourth enumeration, sellers argue that, having brought an "action based upon a warranty deed and upon option contract," Belote could not also recover under unjust enrichment.[5]

Belote, however, did not sue on the Option contract, but only for breach of warranty. Because ten of the acres at issue were not referred to by the warranty deed, the trial court properly awarded damages for them, as well as damages for the twenty acres included in the warranty deed.

"An action for money had and received[,] although legal in form, is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity. Thus, recovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund." (Citations, punctuation and footnote omitted.) *Time Ins. Co. v. Fulton-DeKalb Hosp. Auth.*, 211 Ga. App. 34, 35 (1) (438 SE2d 149) (1993). "In an action for money had and received, the plaintiff generally can recover a payment mistakenly made when that

---

[4] It would not appear to satisfy the requirements of *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227, 230 (227 SE2d 340) (1976), in this regard. *Roswell Properties v. Salle*, 208 Ga. App. 202, 205 (3) (c) (430 SE2d 404) (1993).

[5] A plaintiff may not recover for quantum meruit where an express contract agreement covers the matter at issue. *Gerdes v. Russell Rowe Communications*, 232 Ga. App. 534 (502 SE2d 352) (1998).

mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact." *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 406 (349 SE2d 368) (1986).

*Wyatt v. Hertz Claim Mgmt. Corp.*, 236 Ga. App. 292-293 (1) (511 SE2d 630) (1999).

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 16, 2003.

*Straughan & Straughan, Mark W. Straughan*, for appellants.
*Martin, Snow, Grant & Napier, John T. McGoldrick, Jr.*, for appellees.